WILLIAM RICHTER V. GEORGE HARPER ET AL.

*Negligence—Fires—Contributory negligence—Pleading—Evidence—
Municipal ordinances.*

1. Where, in a suit to recover damages for the negligent setting
   of a fire, the evidence shows that the plaintiff had knowledge
   of the fire two days before his property in an adjacent build-
   ing was burned, and took no steps to prevent its spreading
   and destroying the property, and failed to notify the defend-
   ants that the fire was spreading, the question of his contributory
   negligence should be submitted to the jury.[1]

2. An allegation in the declaration in a negligence case that the
   defendants willfully, wantonly, negligently, and unlawfully
   caused the fire to be set which destroyed plaintiff's property
   does not imply that the act of setting the fire was done with
   the direct purpose of injuring the plaintiff, and in so far as
   the case of *Montgomery v. Booming Co.*, 88 Mich. 633, implies
   a contrary holding, it should not be followed.

3. It is error to permit a witness to testify to the value of articles
   destroyed by the alleged negligent setting of a fire, a descrip-
   tion of which is given to the witness by the plaintiff, but not
   stated to the jury; citing *Kempsey v. McGinniss*, 21 Mich. 123.

4. A witness who testifies that he has been connected with three
   different exhibitions of which museums formed a part, and
   that while with two of them he purchased curiosities and
   animals for exhibition, and that at one time he bought a
   museum of the plaintiff, is competent to give an opinion of the
   value of that class of property.

5. A provision in a city charter requiring the publication of ordi-
   nances at least one week in the official paper of the city is
   sufficiently complied with by a publication as often as the
   official paper is issued, there being no Monday issue.[2]

---

[1] For cases involving the question of negligent setting of fire, see
*Jones v. Railroad Co.*, 59 Mich. 437; *Kendrick v. Towle*, 60 Id.
363; *Rajnowski v. Railroad Co.*, 74 Id. 20; *Montgomery v. Booming
Co.*, 88 Id. 633; *Polzen v. Morse*, 91 Id. 208; *Talley v. Courter*, 93
Id. 473.
[2] See *Mills v. City of Detroit, post.*

6. An ordinance prohibiting the setting of fires, except under cer-
   tain restrictions, must be pleaded in order to authorize its
   introduction as evidence tending to show the negligence of the
   defendants in setting the fire which destroyed the plaintiff's
   property.

Error to Bay. (Cobb, J.) Argued February 8, 1893.
Decided April 7, 1893.

Negligence case. Defendants bring error. Reversed.
The facts are stated in the opinion.

*Pratt, Van Kleeck & Gilbert* (*Hatch & Cooley,* of coun-
sel), for appellants.

*Tarsney & Weadock* (*Weadock & Weadock* and *W. W.
Wicker,* of counsel), for plaintiff.

MONTGOMERY, J.    The plaintiff, in his declaration,
averred that the defendants were in possession of a certain
store building, and of a space 40 feet square of vacant ground
immediately in the rear of the building; that they wrongfully,
carelessly, negligently, and unlawfully caused and permitted
to be piled upon this vacant space a quantity of rubbish, con-
sisting of boards, boxes, shavings, sweepings, etc.; that the
plaintiff was the occupant of an adjoining store, in close prox-
imity to the rubbish, and had in his possession in said store
building a large quantity of property, which is specifically
described, and which consisted of the outfit of a museum; and
that the defendants on the 4th day of July, 1890, did then
and there willfully, wantonly, negligently, and unlawfully
cause to be set fire to the said pile of rubbish, and cause
said rubbish to burn, and the said fire so set as aforesaid
spread under, into, and through said building, and caused
said building to be burned, together with the goods and chat-
tels of the plaintiff.    The plaintiff recovered, and the
defendants bring error.

1. The most important question is whether, under the

evidence, the jury should have been permitted to find that the negligence of the plaintiff contributed to the injury which he suffered. The circuit judge instructed the jury that there was no question of contributory negligence in the case.

The facts bearing upon this question were that on the 3d of July the plaintiff moved his museum into the store building in question; that the defendants caused some rubbish to be piled in the rear of their store, and set fire to it on the 3d of July. The testimony tended to show that this fire continued to smoulder until the 5th of July, about 9 o'clock in the morning, when it again broke out, and burned the building in which the plaintiff's property was stored. The evidence shows that the plaintiff knew that there was a fire burning on the morning of the 3d, when he moved his museum into the building; that two of his employés knew that there was a fire burning there on the 4th of July, one of whom testifies that he went there about 8 o'clock in the evening, and that there was quite a fire there. The plaintiff, after this, left two of his employés in charge of the goods, and went to Saginaw. These employés slept in the store building where the goods were stored that night. One of them testifies that he got up a little after daylight on the morning of the 5th, and saw smoke blowing from the north, and went back to bed. The other testified that he got up about 5 o'clock, and observed fire and smoke in the rear of the store, and he also went back to sleep.

It does not appear that there was any notice given to the defendants of the spreading of this fire, and we think, under the circumstances disclosed by the proofs, it should have been submitted to the jury to say whether the plaintiff was or was not guilty of contributory negligence. This would depend in a large measure upon whether he had reason to suppose that the defendants were assuming to or

attempting to control the fire.   While, in the first instance, the plaintiff would have the undoubted right to assume that the defendants would perform their duty in providing against the spread of fire, yet if it was brought to the knowledge of the plaintiff that this fire existed there in so close proximity as to make it dangerous to his property, and that no effort was in fact being made to control it, it would be difficult to perceive how, from the time of the discovery of such omission of duty on the part of the defendants, the plaintiff would not be equally negligent in failing to take means to prevent the spread of the fire.

The duty of the owner of premises who causes a fire to be set upon them is well stated in Cooley, Torts, p. 590:

"He must do it at a proper time and in a suitable manner, and use 'reasonable care and diligence to prevent its spreading and doing injury to the property of others. The time may be suitable and the manner prudent, and yet if he be guilty of negligence in taking care of it, and it spreads and injures the property of another in consequence of such negligence, he is liable in damages for the injury done.   The gist of the action is negligence, and if that exists in either of these particulars, and an injury is done in consequence thereof, the liability attaches, and it is immaterial whether the proof establishes gross negligence or only a want of ordinary care on the part of the defendant.'"

And at page 592 it is said:

"The rules of contributory negligence apply here, as in other cases, but the fact that the neighboring land-owner leaves grass and other combustibles on the premises, near the road, does not render him chargeable with contributory negligence; the obligation of care to prevent fires resting not upon him, but upon the company."

The circuit judge evidently relied upon the case of *Kendrick v. Towle,* 60 Mich. 363.   That case was not a case where the negligence of defendant was discovered by the plaintiff at a time when the injury might have been averted as well by the action of plaintiff as by that of

defendant, and for that reason is clearly distinguishable from the case at bar. It comes within the exception to the rule quoted from Cooley on Torts.

It is urged by plaintiff's counsel that the negligence of defendants was so gross and willful as to excuse concurring negligence on the part of the plaintiff, it being claimed that where the negligence of the defendant is gross or willful the contributory negligence of the plaintiff is not a defense. This is but another way of stating the doctrine of comparative negligence, which has never obtained in this State. It is true that the contributory negligence of the plaintiff does not prevent recovery in a case where the defendant, who knows, or ought, by the exercise of the most ordinary care, to know, of the *precedent* negligence of the plaintiff, by his *subsequent* negligence does plaintiff an injury. *Battishill v. Humphreys,* 64 Mich. 514; *Railroad Co. v. Mann,* 107 Ind. 89 (7 N. E. Rep. 893); Cooley, Torts, 674. As well stated by Judge Cooley:

"In such cases it may be said that the negligence of the plaintiff only put him in position of danger, and was, therefore, only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause."

This rule does not permit recovery, notwithstanding plaintiff's contributory negligence, but it recognizes that such discovered negligence of plaintiff, or his negligence which should have been discovered, is not a contributing cause to the injury in a legal sense. This, we think, is the logical statement of the rule as deduced from the authorities. 4 Amer. & Eng. Enc. Law, p. 80, and notes. But it is a rule which has no application to the case at bar. See *Talley v. Courter,* 93 Mich. 473.

2. It is argued that to entitle the plaintiff to recover it is necessary for him to prove more than ordinary neg-

ligence, and that the act of setting the fire was done with the direct purpose to injure the plaintiff, as the word "willful" is employed in the declaration, which charges that the defendants "willfully, wantonly, negligently, and unlawfully" caused the fire to be set. If the word "willful" stood alone, or were coupled with other words which implied a purpose to do a direct injury to the property of the plaintiff, this contention would be of more force; but, where the word is used in connection with others imputing negligence, it is not the rule that the plaintiff must show the appropriateness of every adjective employed in his declaration. 2 Thomp. Neg. 1246; *Taylor v. Holman*, 45 Mo. 371; *McCord v. High*, 24 Iowa, 336; *Panton v. Holland*, 17 Johns. 92. It is true that language is employed in *Montgomery v. Booming Co.*, 88 Mich. 633, in seeming conflict with this holding, but the decision of that question was unnecessary to a determination of the case, and, in so far as it implies a holding in conflict with these views, it should not be followed.

3. Objection was made that the witness Perry was permitted to testify to the value of articles a description of which had been given him by the plaintiff, but which description was not stated to the jury. This was not competent. The only way in which the defendants could meet this testimony by other witnesses familiar with the values of property of the description claimed to have been burned was by knowing what the property consisted of, and its description. It would give to the plaintiff a peculiar advantage if he might privately describe to the witness property, and permit him to give an opinion, and thus exclude any testimony of defense by witnesses familiar with such property. No means are afforded the defendant of testing the reliability of the witness' statement. The question is ruled by *Kempsey v. McGinniss*, 21 Mich. 123.

4. It is objected that the witness Warner failed to show such knowledge of the value of the property described as to entitle him to express an opinion. He testified, however, that he had been connected with three different exhibitions with which museums were connected; that while with two of these—Barnum's and his own—he had purchased curiosities and animals for exhibition; and that he at one time bought a museum of the plaintiff in this case. We think he was competent to express an opinion, the value of which was for the jury.

5. An ordinance of Bay City, prohibiting the setting of fires within the city, except under certain restrictions, was introduced. This ordinance was objected to as invalid, and also upon the ground that it was not specially counted upon in the declaration. The ground of invalidity urged was that the publication was insufficient, the charter providing that no ordinance shall take effect unless published at least one week in the official paper of the city. The official paper had no issue on Monday, and hence it is said the ordinance was not published at least one week. The charter does not require that the ordinance be published daily for at least one week. If it be published as often as the official paper is issued it is sufficient. It is well known that the work of preparing morning papers for publication is done the day and evening previous to issue. We would hesitate long to place such a contruction upon the statute as would render compliance with its terms possible only by an infraction of the Sunday law. The charter requires no such construction. The ordinance was valid.

We think, however, the ordinance should have been pleaded. It is true that it was not claimed that the violation of the ordinance was negligence *per se*, but it was claimed that it was evidence which the jury might take into account as to the negligence of the defendants. The

defendants were entitled to notice of this claim.    1 Dill.
Mun. Corp. § 83.

6. It is claimed that the circuit judge erred in his
instructions to the jury upon the subject of what would
constitute gross negligence.    The instruction complained of
was:

"The danger must have been so great that common
prudence would require them not to start the fire at all
at that time and place; so great that, taken in connection
with all the surrounding circumstances, their conduct in
lighting the fire must be said to be wanton, willful, show-
ing a reckless disregard of the consequences that might
follow."

The difficulty of distinguishing between "gross negli-
gence," so called, and ordinary negligence, is made manifest
by this instruction.    The danger must have been so great
that common prudence would require the defendants not
to start the fire at all in order to constitute the act
negligence in any degree, if we treat the question inde-
pendently of the ordinance,—and it is not here contended
that the violation of the ordinance is necessarily negligence
*per se*.    But from what we have said upon the subject of
contributory negligence it is sufficiently apparent that the
attempt to designate this case as one of gross or willful
negligence becomes an attempt simply to refine definitions,
for, whether the negligence of the defendants be such as
calls for the application of such epithets or not, if the
plaintiff discovered the negligence of the defendants in
such time that ordinary care and prudence required that
he should himself take action, and if he had no reason to
believe that the defendants were attempting to control the
fire at the time of this discovery, his contributory negli-
gence would bar a recovery, without regard to the manner
in which the defendants' negligence is to be characterized.

Numerous other questions are raised, which we deem it unnecessary to discuss.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.