BUSH *v.* ST. JOSEPH & BENTON HARBOR STREET RAIL-
WAY CO.

1. STREET RAILWAYS — COLLISION — NEGLIGENCE — QUESTION FOR
JURY.

The question of the negligence of a street-railway company
was for the jury, in an action for personal injuries resulting
from a collision, where there was evidence that the plaintiff,
who was driving upon the track, was seen by the motorman
of defendant's car for a sufficient distance to have enabled
him to avoid the accident had he been more prompt in revers-
ing the car, although it appeared that plaintiff had ample time
to leave the track upon hearing the gong, but was prevented
by the slipping of the wheels of his heavily-loaded wagon
against the rails.

2. SAME—CONTRIBUTORY NEGLIGENCE—CHOICE OF HAZARDS.

Plaintiff's failure to jump from his wagon before the collision
occurred did not constitute contributory negligence as a mat-
ter of law, it appearing that, by reason of his efforts, he
came within a few inches of driving clear of the car; par-
ticularly as he was not bound to exercise the best judgment
under the circumstances.

3. PERSONAL INJURIES—PLEADINGS AND PROOFS.

Under a declaration against a street-railway company for per-
sonal injuries, alleging negligence on the part of the com-
pany in running its car against the plaintiff's wagon,
evidence of the following facts and circumstances was held
admissible: That plaintiff was on the track; the rate of
speed of the car; that the wagon-box fell on plaintiff, and
that he subsequently spit blood; the general condition of
the track, and that one track was higher than the other.

4. SAME—EXPERT TESTIMONY—FORM OF QUESTION.

In an action for personal injuries, physicians, called as experts,
were asked if certain conditions described by them might be
caused by the injury shown. It was objected that the form
of the question should be whether they would "probably" be
caused thereby. *Held,* that the degree of probability was a
proper subject for cross-examination, and did not need to be
indicated by the question.

113 MICH.—33.

Error to Berrien; Coolidge, J. Submitted June 16, 1897. Decided June 28, 1897.

Case by George Newton Bush against the St. Joseph & Benton Harbor Street-Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. P. Cady* and *M. L. Howell*, for appellant.

*Gore & Harvey*, for appellee.

HOOKER, J. The plaintiff was injured in a collision caused by a street car striking the rear end of his wagon as he was driving off from the track. The court left two questions to the jury besides that of the amount of damages, viz. : (1) Whether the defendant was negligent in not reducing the speed of the car after discovering the plaintiff upon the track; (2) contributory negligence. The jury found specially that the car was reversed before it struck the wagon, and that the motorman was negligent in not reversing sooner; that the car slid on the track for a very short distance before it struck the wagon; that the car was not checked before it was reversed.

The plaintiff was driving upon the track, and, hearing the bell ring, attempted to drive off, but, owing to the slipping of the wheels upon the iron rails, and the heaviness of the load, the horse did not get the wagon off in time, and the car struck the wagon, and injured the plaintiff. There seems to be no doubt that the plaintiff was seen by the motorman for a sufficient distance to have enabled him to stop the car had he attempted to do so at once, and, on the other hand, there was abundance of time for the plaintiff to have driven off from the track before the car reached him had the horse been able to pull the wagon off at once. We have in several cases had occasion to allude to the fact that the uses to which the highway is put render it necessary that wagons shall cross and perhaps sometimes drive upon the street-car tracks,

and it is obvious that the car that should be brought to a halt every time that a wagon was seen to be upon or in close proximity to a track would be a long time reaching its destination, and that street railroading upon any such plan would be a farce, and rapid transit impossible. On the other hand, a driver who should never drive across a track before an approaching car might wait a long time for an opportunity. From the very nature of things, the driver must determine when it is safe to cross, and the motorman may run his car towards a wagon upon the track in the expectation that it will be driven out of the way with reasonable expedition. Each, however, must use reasonable caution in view of the circumstances, and, if this is done, no blame attaches. Whether they do this in a given case must usually be a question for the jury, and this case is not an exception.

It is said that the undisputed evidence shows that the plaintiff was guilty of contributory negligence, inasmuch as he might have jumped from the wagon, as others did, when it became plain that a collision must occur. There is evidence that, if the horse had moved the wagon a few inches farther, there would have been no collision, and it is not clear that the plaintiff was not justified in continuing his efforts to get out of the way until it was too late to get off with safety. His companions, having no responsibility, had nothing to delay their escape, while it was his duty to avoid the collision if he reasonably could. Moreover, this claim overlooks the fact that, in an emergency, the best judgment cannot always be exercised.

A series of objections to evidence, and a number of requests to charge, raise questions upon the sufficiency of the declaration, which is said not to be sufficiently specific in its description of negligence. Counsel seem to insist that the law requires that the declaration shall state at length and in detail the circumstances which led up to the accident, and the objection is made that the declaration does not show the specific act of negligence without which the collision would not have occurred. Among these objec-

tions were the following, viz. :   Objection to evidence that the plaintiff was upon the track; the rate of speed of the car; the fact that the wagon-box fell upon the plaintiff, and that he subsequently spit blood; the fact that one track was higher than the other, and its general condition. All of these things were circumstances which throw light upon the question of defendant's alleged negligence, viz., that the motorman carelessly ran the car against the plaintiff's wagon, and its consequences.   The only negligence alleged or submitted to the jury was the management of the car, whereby it was permitted to run with great speed and force against the wagon.   We discover no defect in the declaration that can be taken advantage of upon the trial, and think the evidence admissible.

Error is alleged upon the form of the questions to the physicians, who were asked if certain conditions described by them might be caused by the injury shown.   It is said that they should have been asked if they would probably be caused thereby.   We think that when it is shown that an injury is immediately followed by certain physical conditions, and that such conditions might result from such an injury, there is some evidence, though it be slight, for the jury.   The degree of probability is a proper subject for cross-examination.   The judge did not err in refusing to strike out the physicians' testimony, or in his charge in relation thereto.

We think it unnecessary to further notice specifically the various assignments.   We find no error in the record, and the judgment is affirmed.

The other Justices concurred.