SOSNOFSKI  v.  LAKE  SHORE  &  MICHIGAN  SOUTHERN
RAILWAY CO.

1. PERSONAL INJURIES—GROSS NEGLIGENCE.
     Plaintiff was injured while crossing a railroad track in a public
     street, by a steel rail being handled by defendant's workmen.
     Her testimony tended to show that no barriers were placed
     across the street; that she had passed over the track on her
     way to a store, and had noticed that some planks and rails
     were taken up.  On her return, shortly afterwards, she
     noticed nothing to indicate danger until the instant she was
     injured.  Defendant's testimony tended to prove that the
     place was guarded by barriers, and that the workmen did not
     see plaintiff until too late to prevent the injury.  Held, that
     the evidence did not warrant a finding that the workmen
     were guilty of such negligence that defendant was responsible
     notwithstanding plaintiff's contributory negligence.

2. SAME—PRECEDENT NEGLIGENCE.
     Plaintiff could not recover, notwithstanding her own negli-
     gence, unless the evidence should show that defendant dis-
     covered her in a situation where due care on her part would
     not, and due care on its part would, have prevented the
     injury.

3. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.
     In an action against a railroad company for injuries to a
     pedestrian at a crossing, it was not error to instruct the jury
     that, if plaintiff saw evidences of repairs at the crossing, she
     was bound to observe whether the repairs interfered with
     travel; that it was her duty to avoid danger that would be
     apparent to an ordinarily prudent person; and that, if she
     failed to exercise the care of an ordinarily prudent person
     under like circumstances, she could not recover.

4. SAME—BARRIERS AT PLACE OF DANGER.
     A charge that plaintiff could not recover if barriers were placed
     across the street was not prejudicial to plaintiff, where it was
     her theory that there were no barriers, and it was apparent
     from her testimony that she approached the place of danger
     without using the care she should have used had she been
     warned by barriers.

5. SAME—PLACE OF SAFETY—ACTS OF OTHERS.
     The fact that others had passed over the crossing where plain-

tiff was hurt on the same day did not tend to prove that it was a safe place in which to pass.

6. Same—Opinion of Court—Question for Jury.
    The statement by the court in denying a motion to direct a verdict, that he considered it one of those close cases which should go to the jury, and that different minds might draw different inferences from the testimony, could not be presumed to have improperly influenced the jury.

Error to Ingham; Wiest, J.  Submitted June 2, 1903. (Docket No. 6.)   Decided July 8, 1903.

Case by Charlotte Sosnofski against the Lake Shore & Michigan Southern Railway Company for personal injuries.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*John J. Zimmer* (*F. S. Porter*, of counsel), for appellant.

*C. E. Weaver*, for appellee.

Carpenter, J.   On the 30th of April, 1900, defendant was repairing its track at the intersection of its railway and Franklin street, in North Lansing.   While plaintiff was walking on said street across said track, between noon and 1 p. m. of said day, a steel rail being handled by defendant's employés rolled on her foot, and crushed the great toe.   She brought this suit to recover damages.

Plaintiff's testimony tended to prove that no barriers were placed where the repairs were being made.   When she was injured she was returning home from the grocery store.   On her way to the store she had passed over the track at this place, and had noticed that some of the planks and rails were taken up.   On her return she observed nothing to indicate danger, and was not warned until the very instant she was injured.   Defendant's testimony tended to prove that the place was guarded by barriers, and that the workmen handling the rail did not observe plaintiff until too late to prevent the injury.   The

issue was submitted to the jury, who found a verdict for the defendant. Various errors are assigned, all but one of which relate to the charge of the court. We will consider such of these as, in our judgment, deserve discussion.

The court charged the jury: "There is no evidence in this case that will justify the jury in finding that the workmen were guilty of wanton or willful negligence in moving the rail," and that plaintiff must prove herself free from having contributed toward the injury. The claim is made that the evidence warranted the jury in finding that defendant's employés were guilty of such negligence as to make defendant responsible, notwithstanding plaintiff's own negligence. We are of the opinion that the evidence does not justify this claim. To justify it, the evidence must warrant the inference that defendant's employés discovered, or by the exercise of due care should have discovered, plaintiff in a situation where due care on her part would not, and due care on their part would, save her from injury. See *Richter* v. *Harper*, 95 Mich., at p. 225 (54 N. W. 768). No such inference could be drawn from the testimony. Plaintiff herself was present on the scene as an actor, possessing the ability and charged with the duty of exercising due care for her own safety. She possessed this power, and was under this obligation, up to the very moment of her injury.

Error is assigned because the court charged the jury:

"If she saw evidences of repairs being made at that point by the railroad, then she is to be held to have had her attention challenged thereby to the fact, and she was bound to observe whether the repairs interfered with the passage of persons at that point across the track. If she saw workmen moving a rail along the walk and rolling it into place in the track of defendant, it was her duty to avoid a danger that would have been apparent to a person of ordinary caution and prudence.    *    *    *

"If there was no one at work, what caused the rail to fall upon the plaintiff's toe? If persons were working, moving the rail, did she see them? If she did not, ought she, by the exercise of the care and caution of an ordinary prudent person in passing along the street, and about to

cross a railway track, to have seen them? If so, then she was bound to pay some heed to what was being done, and, if she paid no heed, and was injured, where a person of ordinary prudence would have seen and avoided the danger and saved herself from injury, she cannot recover.  *  *  *

"It was broad daylight, and the question is, Did she know the men were rolling the rail, or ought she, by the exercise of ordinary prudence, to have known the same? If she did know or ought to have known, and failed to exercise the care and prudence of an ordinary prudent person under like circumstances, she cannot recover."

It is said that these instructions virtually directed the jury to return a verdict for the defendant. This statement is entirely unjustified. We think the instructions complained of unobjectionable.

Error is also assigned on these portions of the charge:

"If barriers were placed as claimed by defendant, then the existence of the same was a direct challenge to the plaintiff that there was danger to be apprehended in crossing at that point, and if she stepped over the same in defiance of it, and proceeded to cross where the workmen were at work, and was injured, she cannot recover."

"If there were barriers placed across the walk in manner as claimed by defendant, and she stepped over them, and was injured, she cannot recover."

It cannot be said that the mere fact that barriers are erected, in cases of this character, will always afford an answer to the charge of negligence. This charge, however, was not erroneous if the testimony warranted no theory upon which plaintiff could have recovered if the barriers guarded the place of the injury in the manner claimed by defendant. The theory of her case, as made by the testimony of plaintiff and her witnesses, is that there were no barriers; and it is apparent from her testimony that she approached the place of danger without the care that she would have used had she been warned by such barriers. The testimony in the case would not, therefore, warrant the jury constructing a theory upon which a verdict could be rendered for the plaintiff on the assumption that the barriers were there.

It is contended that the court erred in charging the jury:

"The fact, if it is a fact, that other people passed over this walk that day, is not evidence, and cannot be considered by you as evidence, that it was a safe place in which to pass.  You will determine that question from the evidence in this case, and not from what some other person has done or may have done."

It has been often held that what people customarily do affords a standard of due diligence.  The question presented here, however, is a very different one.  Did the fact that others had passed over this walk furnish evidence, not that it was prudent to pass over the walk, but that the walk itself was in a safe condition ?  The question was not whether it was prudent to risk a certain danger, but whether or not such a danger existed.  We think the court was right in saying that this was to " be determined from the evidence, and not from what persons had done."

In denying defendant's motion to direct a verdict for the defendant, the court said:

"The motion is denied.  You may proceed with the defense.  The record may show that the court considers this one of those close cases which should go to the jury under instructions from the court.  Different minds might draw different inferences from the testimony, and conclusions."

This must be taken as a statement of the reason why the court denied defendant's request.  We are bound to suppose that the judge was of opinion that the question of whether or not a verdict should be directed for the defendant was a close one.  We cannot presume that this improperly influenced the jury in determining the questions submitted to them, particularly when the judge said, "Different minds might draw different inferences from the testimony, and conclusions."

In our judgment, the trial judge committed no error prejudicial to plaintiff, and therefore the judgment is affirmed.

The other Justices concurred.