MILLER *v.* MICHIGAN CENTRAL RAILROAD CO.

1. RAILROADS—PLEADING — CROSSING ACCIDENT — NEGLIGENCE — DECLARATION.

Upon objection to the evidence interposed at the trial, a declaration in case for personal injuries sustained in crossing the track of defendant's railroad was sufficient that alleged that as plaintiff was crossing defendant's tracks, in the exercise of due care, "defendant then and there had a certain locomotive, which was then and there standing still upon said railroad, under the care and management of the

servants of the said defendant and it was then and there the duty of the defendant to not move said locomotive so that the same should collide with the plaintiff while he was so crossing," that defendant's servants negligently started the locomotive and so negligently managed the same that it struck plaintiff's wagon and injured him.

2. EVIDENCE—TRIAL—REMEDYING ERRORS.

By withdrawing from the consideration of the jury the question of damages for injuries that plaintiff claimed resulted to his mind and memory, but that were not alleged in plaintiff's declaration, the court corrected any error that might have arisen from the admission of testimony upon those matters.

3. NEGLIGENCE—EVIDENCE.

There was evidence tending to show negligence of the defendant in a case in which testimony was introduced that when plaintiff started to drive across defendant's tracks its locomotive was stationed about 90 feet away from the crossing, the gates were raised, and plaintiff, after looking both ways, started to cross the several parallel tracks there situated, that as his team reached the last track the locomotive started; that the engineer who was occupied with other duties failed to see plaintiff and the locomotive collided with the rear portion of the wagon, while the locomotive was running about three miles an hour.

4. SAME—CONTRIBUTORY NEGLIGENCE.

With a finding of the jury supported by evidence, in answer to a special question, that plaintiff did not try to beat the engine across the crossing, the court could not say, as a matter of law, that plaintiff was guilty of contributory negligence for so doing.

5. SAME—EXPERT TESTIMONY—OPINION OF PHYSICIAN.

It was not error to permit plaintiff's physician to testify that in his judgment the alleged injuries of plaintiff were genuine.

6. SAME—TRIAL—INSTRUCTIONS TO JURY.

Nor did the court err in modifying a request of defendant that if plaintiff whipped up his horses and tried to beat the engine over the crossing, in the manner testified to by defendant's witnesses, his conduct was negligent, where the court added thereto the proviso if " you find he could have stopped at a point of safety after so starting."

7. SAME—DAMAGES—NEW TRIAL.

*Held,* that a verdict of $2,000 damages was not excessive.

Error to Cass; Des Voignes, J. Submitted June 20, 1911. (Docket No. 111.) Decided September 29, 1911.

Case by Hugh Miller against the Michigan Central Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Gore & Harvey*, for appellant.

*Coy W. Hendryx* (*M. L. Howell*, of counsel), for appellee.

McALVAY, J. Plaintiff brought suit to recover damages for personal injuries claimed to have been caused on account of the negligence of the defendant's servants and agents.

The accident occurred at a railroad crossing on Division street, in the city of Dowagiac. Five tracks of defendant's railroad cross this street, which runs east and west, running in a northeasterly and southwesterly direction. This crossing is protected by gates. On the day in question, plaintiff had come into town with a load of hay, upon an ordinary wagon drawn by his two-horse team. He came along Division street, going east. The gates were down, and he stopped near the west gates and waited about 10 minutes, when they were raised, and he proceeded to cross. At the point where he waited, he could not see up or down the track. When plaintiff got past the gate-house, he looked in both directions. He saw an engine towards the south, standing still on a switch track, estimated by him to be about 90 feet away. He proceeded, and his statement is that when his horses got on the last track, which was the track on which this engine stood, he noticed that it started towards him. He urged his horses, and had nearly cleared the track when the engine struck the hind wheel of the wagon, and threw him off over the front wheel onto the street. He claims that he was severely injured.

There are two switches south of the center of Division

street.   The first is 81 feet distant, and the second is 288 feet distant.   The engine in question was a switch engine, engaged in switching, and had backed towards the farther switch to kick two of the four cars it was handling farther back, and as testified by its engineer it was stopped at that switch for a very short time, and then started north towards this crossing to put the two remaining cars over the nearer of the two switches mentioned.   This required running the engine across the street, and in doing this the collision with plaintiff's wagon occurred.   The engine was at the time going about three miles an hour.   Plaintiff recovered judgment.

Of the numerous errors assigned, we will consider only those discussed in defendant's brief.   The first is that the declaration does not state a cause of action, in that negligence is charged in general terms, and no breach of any specific duty is alleged.   The allegations of the declaration charging negligence and a breach of duty are as follows:

"The said plaintiff was riding on a certain wagon loaded with hay, then and there drawn by a certain team of horses, upon and along a certain public street in said city called Division street, and upon the crossing of the said street and said railroad of said defendant, of which the defendant then and there had notice, and the said defendant then and there had a certain locomotive, which was then and there standing still upon said railroad under the care and management of the servants of the said defendant, and it was then and there the duty of the defendant to not move said locomotive, so that the same should collide with the plaintiff while he was so crossing said tracks, nor until he had passed the same, yet while the said plaintiff, in the exercise of due care, was then and there riding, as aforesaid, upon the said public street on the crossing aforesaid, the said defendant, not regarding its duty in that behalf, carelessly and negligently, by its servants, then and there started said locomotive toward the plaintiff, and so negligently conducted and managed that the said locomotive was then and there driven to, upon, and over the said crossing, and then and there, with great force and violence, struck the wagon of the

said plaintiff, whereby the said plaintiff, although himself in the exercise during all that time of due care, was then and there thrown with such violence from and off of his wagon that he became and was then and there greatly hurt, bruised, and wounded, to wit, his back and legs strained and bruised, and the said plaintiff internally and permanently, and he then and there became and was sick, sore, lame, and disordered, and so remained and continued for a long space of time, to wit, thence hitherto, during all of which said time the plaintiff suffered great mental and physical pain and was prevented from attending to his necessary affairs and business by him to be attended to, and was obliged to incur and did incur," etc

No demurrer to the sufficiency of the declaration was interposed. The questions as to its sufficiency are raised by objections to evidence. Reliance is placed by defendant upon the case of *Schindler* v. *Railway Co.*, 77 Mich. 136 (43 N. W. 911), a case in which the court held that, although defendant had not demurred, the declaration did not state a cause of action. Of the declaration in that case, as to the averment of negligence, the court said:

"All that is averred is simply that defendant negligently struck a sleigh at a road crossing; the driver not being in fault."

A careful reading of the declaration in the instant case shows a specific allegation of a breach of duty on the part of defendant, in that, with notice of the fact that plaintiff, in the exercise of due care, was making this crossing, and a duty rested upon it not to move its locomotive, then standing still, so as to collide with him, it negligently and carelessly, by its servants and agents, disregarded its duty and started its engine, and ran into plaintiff's wagon. This declaration is not drawn with the redundancy of language familiar to the forms supplied by the old artists in pleading, which is gradually losing its charm to the profession and courts of the present day; but it contains in simple language a specific allegation of a breach of duty, whereby an injury was inflicted. This court has so held in a very similar case, where the declaration in its

allegations did not so clearly indicate the specific duty neglected. In that case, the late Justice HOOKER, speaking for the court, said:

"A series of objections to evidence, and a number of requests to charge, raise questions upon the sufficiency of the declaration, which is said not to be sufficiently specific in its description of negligence. Counsel seem to insist that the law requires that the declaration shall state at length and in detail the circumstances which led up to the accident, and the objection is made that the declaration does not show the specific act of negligence without which the collision would not have occurred. Among these objections were the following, viz.: Objection of evidence that the plaintiff was upon the track; the rate of speed of the car; the fact that the wagon box fell upon the plaintiff, and that he subsequently spit blood; the fact that one track was higher than the other, and its general condition. All of these things were circumstances which throw light upon the question of defendant's alleged negligence, viz., that the motorman carelessly ran the car against the plaintiff's wagon, and its consequences. The only negligence alleged or submitted to the jury was the management of the car, whereby it was permitted to run with great speed and force against the wagon. We discover no defect in the declaration that can be taken advantage of upon the trial, and think the evidence admissible." *Bush* v. *Railway Co.*, 113 Mich. 513-515 (71 N. W. 851).

Errors are assigned upon the admission of evidence, over objection, showing a changed mental condition of plaintiff after the accident, also showing loss of memory and irritable condition, on the ground that such evidence was not admissible under the declaration. It appears that among other requests to charge by defendant the court instructed the jury as follows:

"There can be no recovery for loss of memory or injury to plaintiff's mind, there being no allegation of any such damage, and the only damage for which the plaintiff could possibly recover in this suit would be physical injury; and, if you find from the evidence there was no physical injury sustained by the plaintiff, as testified by

some of the witnesses, then I charge you the defendant is entitled to your verdict."

Also:

"The plaintiff cannot recover for nightmare or disturbed mental state. Where a plaintiff has sustained physical injury, which physical injury also causes mental suffering, there may be a recovery; but in such cases the mental suffering must proceed directly and be caused by such physical injury."

By giving these requests, the court adopted the view of the defendant, and withdrew from the consideration of the jury the objectionable evidence. There is nothing to indicate that the defendant was injured. In this action of the court there was no prejudicial error.

In addition to the contention that no negligence was alleged in the declaration, defendant claims that no negligence was proved. This question was raised by a motion, at the close of plaintiff's case, to direct a verdict in defendant's behalf, which was denied. This claim requires an examination of all of the evidence introduced tending to show defendant's negligence. It does not appear to be disputed that the gates were raised by defendant's gateman while the engine was at rest south of the crossing. There is no claim that the gateman acted negligently. His judgment was that the line was safe for crossing, and he raised his gates to allow plaintiff to pass. The gateman saw the engine start up and immediately undertook to close down the gates, but plaintiff was passing through, and he could not. He called to him twice, but cannot say he heard. He saw plaintiff, who was sitting on a board which extended from under the hay just behind the horses over the wagon tongue, look both ways and continue driving on. He watched both plaintiff and the engine, to see which would get across first, and saw that plaintiff was safe across, and thought his load'was safe, until he saw it was being shoved around, and then the car obscured further view. It is admitted that from where the engine stood when it started the crossing was in full unobstructed view.

The two cars which they were bringing towards the crossing were a "coal rack" and a flat car, with a brakeman standing on a journal box on the last truck on the south side of the flat car, holding onto a hand iron in a position where he could not see the crossing or the plaintiff. The fireman, when the engine started, at once got down to put in a fire, and when he had finished they had struck plaintiff's wagon. The engineer says he could see the entire crossing when he started, and it was clear, as far as he could see from his side, until he reached the switch (81 feet from the crossing), when he turned around to see, and looked back to see when the car cleared it, and didn't look ahead again until he was right on to the load of hay. It is not for this court to weigh this evidence. Suffice it to say, there was evidence in the case tending to show negligence on the part of defendant. The court was not in error in submitting the question to the jury.

It is also urged that the record shows plaintiff was guilty of contributory negligence, and the court was in error in refusing to direct a verdict to that effect, as requested. The record contains evidence tending to show that plaintiff first saw this engine after he had passed the planing mill. The exact distance is not given. His team was going forward all the time; that he looked both ways and saw the engine standing still; that it did not start until he had passed the two main tracks; that he at once hastened to get across. Upon the trial defendant claimed that plaintiff saw the engine coming and determined to get across first. The same claim is made in this court. A special question to cover that theory was submitted to the jury, as follows:

"*Q.* Did the plaintiff, Miller, try to beat the engine across the crossing?"

The jury answered, "No." With that fact found against it, based upon evidence which warranted such finding, it is evident that no error was committed in refusing to instruct as requested.

Errors are assigned relating to questions propounded to plaintiff's physician. These objections arose after the physician had answered hypothetical questions, and had testified that the condition he found might have been caused by the injury. He was then asked by counsel for plaintiff whether, in his opinion, these symptoms, actions, and complaints were simulated, and testified that they were not; and further, that the cause of his condition (traumatic neurasthenia) was due to the injury. To the first of these questions, the objection was that the physician's conclusion on that subject was not admissible, and that it was proper rebuttal. The substance of this testimony was that the conditions claimed were, in his opinion, genuine, and produced by the injury. No error was committed in receiving the evidence. *Bush* v. *Railway Co., supra.*

All of the errors assigned upon the refusal of the court to give certain requests (except one) are already disposed of by us in holding the declaration sufficient, and that the questions of defendant's negligence and plaintiff's contributory negligence were questions to be submitted to the jury. The remaining request referred to was given by the court, modified as follows:

"If the plaintiff whipped up his horses and tried to beat the engine over the crossing in the manner as testified to by witnesses for the defendant (and you find he could have stopped at a point of safety after so starting), then I charge you that such conduct is negligence contributing to the collision, and the plaintiff cannot recover. In such event render a verdict for defendant."

The modification is in parentheses. It must not be forgotten that there was a dispute of fact upon each material question in the case, and it cannot be stated that there was "no testimony in the case on which to base the implication contained in the modification." The situation was that plaintiff had stopped at a five-track street crossing, two of which were main-line tracks. He had been invited to proceed by the lifting of the gates. He had

listened while he waited, and looked as soon as he could, and saw no moving engine. While in a dangerous position on these tracks, he saw this engine start, and made an almost successful effort to escape from being run down. We must consider his situation as it was at the time. The modification suggested this and nothing more. The jury, by its special finding, negatived the proposition upon which the request was based, and eliminated it from the case. No error was committed by the court in his modification of this request.

A motion for a new trial was made and denied. The reasons necessary to be considered are that the verdict was excessive "and wholly unwarranted." The verdict was for $2,000. As to what the extent of the injuries of plaintiff were was in dispute. There was evidence tending to show that immediately after the collision he did not appear to be injured. Witnesses testified as to his activity until he started home. He made light of his injuries, and stated that he was not hurt much. There was also testimony tending to show that he had not been a strong, able man physically before, and that after the injury he appeared about the same. On the other hand, there was testimony of plaintiff, his wife, and the physicians and others tending to show that the results attending the injuries became apparent later, and were of a serious character. The jury, under a charge for the most part not objected to, found this verdict after deliberation. We cannot say that it is excessive, nor that it was against the weight of the evidence.

We agree with the court that the showing on the ground of newly discovered evidence was not sufficient to warrant granting a new trial.

The judgment of the circuit court is affirmed.

OSTRANDER, C. J., and MOORE, BROOKE, and BLAIR, JJ., concurred.