MILLETTE *v.* DETROIT UNITED RAILWAY.

1. STREET RAILROADS—HIGHWAYS AND STREETS—CROSSING TRACKS —NEGLIGENCE.

The driver of a coal wagon containing about 4 tons of coal was not chargeable with contributory negligence in cross-ing defendant's street car track with his team and vehicle when it appeared that he stopped about 30 feet from the

track and observed a car approaching about 400 feet away, which made a stop at the nearest crossing before it collided with plaintiff's rig, and that plaintiff believed he had time to cross before the car could reach the crossing.[1]

2. SAME—DECLARATION—PLEADING—WANT OF NEGLIGENCE—LAST CLEAR CHANCE.

Plaintiff's declaration charging that defendant wilfully, wantonly and maliciously ran its car with great violence into the wagon in which he was riding sufficiently charged gross negligence and authorized the court in submitting to the jury the question whether the motorman might have stopped the car in time to avoid running down the plaintiff.[2]

3. SAME—ORDINANCE—EVIDENCE—PLEADING.

Although a municipal ordinance, to be available for the purpose of proving negligence, should be pleaded, an ordinance of the city of Detroit limiting the speed of cars to 15 miles per hour was not improperly received as affecting the question of plaintiff's contributory negligence.[3]

4. DAMAGES — PERSONAL INJURIES — STREET RAILWAYS—MEASURE OF DAMAGES—EMPLOYMENT.

Where plaintiff was employed as driver of a coal wagon at the time of his injury, but introduced evidence tending to show that his usual occupation was that of a brakeman, and that he had made application for a position as brakeman, at that time, the measure of his damages was not confined to the loss which he would have incurred in the business in which he was temporarily engaged; he was entitled to recover for injury to his earning capacity as brakeman.

5. EVIDENCE—WITNESSES—SPEED OF CARS—EXPERT TESTIMONY.

In an action for personal injuries sustained in a collision with a street car, the plaintiff was rightly permitted to

[1] As to the right of driver of vehicle to assume that motorman will give him time to cross the track, see note in 5 L. R. A. (N. S.) 1081.

[3] As to operation of street car at speed in excess of that prescribed by ordinance as negligence or evidence of negligence, see note in 8 L. R. A. (N. S.) 1093.

[2] As to sufficiency of general allegation of negligence, see note in 59 L. R. A. 238.

testify to the speed of the street car by which he was injured, where the foundation was laid by showing that he had been a brakeman for nearly 15 years, and he had ridden with motormen on street cars, and had observed the operation and stopping of cars; and a witness who had driven a moving van in the city for about 20 years and ridden in cars almost daily and observed their speed at different times qualified to give his opinion as to the rate of speed.

Error to Wayne; Hosmer, J. Submitted June 18, 1914. (Docket No. 106.) Decided. June 14, 1915.

Case by Alphonse Millette against the Detroit United Railway for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellant.

*Maxwell W. Benjamin,* for appellee.

BIRD, J. Plaintiff and his companion were seated on a wagon load of coal, weighing about four tons, going north on Second avenue in the city of Detroit. When they reached a point about 30 feet south of defendant's north track, they stopped the team and made observations. To the west the way was clear, but a car was seen approaching from the east a block and a half away, or between 400 and 500 feet. Plaintiff started his team across. The car stopped at Elizabeth street a block away, and then came on rapidly. Plaintiff was delayed somewhat in crossing by reason of the slipping of his horses on the damp pavement. When it began to look as though the wagon was not going to clear, the companion of plaintiff waved his hand to the motorman, who was then in the middle of the block, to slow down. The motorman did not heed the warning, but turned on more power and increased the speed of the car, and collided with the front wheel

of plaintiff's wagon, shoving the wagon along the pavement about 50 feet, when the fuse blew out and the car stopped. Plaintiff was thrown from his wagon and injured, and the jury fixed his compensation at $2,500. The defendant offered no testimony, and does not dispute its own negligence, but relies upon the contributory negligence of the plaintiff and the defects in his case to defeat a recovery.

1. For plaintiff to attempt to cross the tracks ahead of the car, under the conditions as they existed at the time he made his observations, was not negligence upon his part as a matter of law. *Seebach* v. *Railways Co.,* 177 Mich. 1 (142 N. W. 1086), and cases cited. His observations led him to believe that he had time to cross the tracks before the car would reach that point. His horses did get across, and it is quite likely the wagon would have cleared, had his horses not slipped, and had the motorman decreased the speed of the car, instead of increasing it.

2. After the jury had deliberated for a time, they returned and submitted to the court the following question:

"If the plaintiff was careless or negligent in attempting to cross the track, and then, after doing so, he could see far on the track, that the motorman had had notice of the obstruction, but failed to stop the car, although he could and might have done so, is the plaintiff entitled to damages?"

The trial court instructed them again, in substance, as he had theretofore instructed them, that:

"Gentlemen, I charge you, in case that happened, and the motorman had the ability and could have stopped the car, but carelessly and negligently failed to do so, and ran down on the plaintiff, that the company is liable."

This instruction is assigned as error, for the reason that the declaration did not count upon the subsequent negligence of the defendant. An examination

of the declaration discloses an averment that the servants of defendant "wilfully, wantonly, recklessly, and maliciously ran said car with great violence into said coal wagon." This allegation was sufficient to charge the defendant with gross negligence. See *Fike* v. *Railroad Co.*, 174 Mich. 167, 207 (140 N. W. 592); also Baldwin on Personal Injuries, § 138.

3. Exception was taken to the admission of the ordinance of the city of Detroit limiting the speed of the cars to 15 miles per hour. Subsequently some discussion took place between counsel, and it was excluded, but defendant claims that it left its harmful effect upon the jury. It has been several times held by this court that an ordinance, to be available in establishing the negligence of the defendant, must be pleaded. *Richter* v. *Harper*, 95 Mich. 221 (54 N. W. 768); *Gardner* v. *Railway Co.*, 99 Mich. 182 (58 N. W. 49). The ordinance was not pleaded in the instant case, but was offered only for the purpose of affecting the question of plaintiff's negligence. For this purpose it was admissible. *Putnam* v. *Railway*, 164 Mich. 342 (129 N. W. 860).

4. As bearing upon the question of damages, the plaintiff was permitted to introduce testimony of his earning power as a railroad brakeman. This was assigned as error, for the reason that, when injured his occupation was that of a driver of a coal wagon, whose wages were very much less than those of a brakeman. The injured party's damages are measured by his inability to follow his usual employment or business, and are not confined to the temporary employment which he may be following at the time of the injury. 13 Cyc. p. 47; *Central of Georgia R. Co.* v. *Perkerson*, 112 Ga. 923 (38 S. E. 365, 53 L. R. A. 210); *Peterson* v. *Traction Co.*, 23 Wash. 615 (63 Pac. 539, 65 Pac. 543, 53 L. R. A. 586); *Louisville, etc., R. Co.* v. *Clarke*, 152 U. S. 230 (14 Sup. Ct. 579);

*Chicago, etc., R. Co.* v. *Long,* 26 Tex. Civ. App. 601 (65 S. W. 882) ; *McIntyre* v. *Railroad Co.,* 37 N. Y. 287. The proofs disclosed that plaintiff, who was 32 years of age when injured, had spent the greater part of his working years in the capacity of a railroad brakeman and switchman, and when injured he had an application filed with the Michigan Central Railroad to re-enter such employment. If he were actually qualified to discharge the duties of a brakeman, and had discharged them for nearly 15 years, to measure his loss by being deprived of his ability to drive the coal wagon would not be just compensation.

5. The assignments of error relating to the admission of the testimony of the plaintiff and of the witness Griffen with reference to the speed of the car are not well taken. The record shows that the plaintiff had been a brakeman on a steam railroad for nearly 15 years, and that he had ridden with the motormen on street cars, and observed the stopping of the cars. The witness Griffen had been driving a moving van in the city of Detroit for upwards of 20 years, had ridden upon the cars almost daily, and had observed the speed of the cars on Grand River avenue. The opinion of these witnesses might not have been entitled to great weight, but we think they qualified themselves to express an opinion thereon. *Line* v. *Railway Co.,* 143 Mich. 163 (106 N. W. 719), and cases cited.

The judgment of the trial court will be affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.