PRINCE v. DETROIT UNITED RAILWAY.

1. STREET RAILWAYS — PERSONAL INJURIES — COLLISION — NEGLIGENCE.

Where plaintiff and her husband were riding as guests in a motor car, and the driver attempted to cross the street car tracks at a street intersection, having a clear view except for a car which had passed him from behind, and which obscured another approaching from the opposite direction, and the driver could see over one hundred feet, the car striking the rear wheel as the automobile was about to clear the track, evidence that the car was running in excess of 30 miles per hour and could have been stopped in 50 or 60 feet, that the car was exceeding the speed limit fixed by a city ordinance and no apparent decrease in its speed occurred, presented a question of fact as to the negligence of the servants of defendant whose evidence tended to contradict that of plaintiff.[1]

[1] As to liability of street car company for operating street car at speed in excess of that prescribed by ordinance, as negligence or evidence of negligence, see note in 8 L. R. A. (N. S.) 1093. And as to duty and care of operator of automobile when near street car, see note in 38 L. R. A. (N. S.) 493.

2. SAME—CONTRIBUTORY NEGLIGENCE.
  The fact that the driver observed the car which struck him
    about 50 feet away when he tried to cross did not neces-
    sarily show contributory negligence, under testimony in
    his behalf that he had good reason to think he could cross
    in safety.

Error to Wayne; Van Zile, J.    Submitted October
21, 1916.    (Docket No. 176.)    Decided July 21, 1916.
Rehearing denied September 27, 1916.

Case by Emma Prince against the Detroit United
Railway for personal injuries.    Judgment for plain-
tiff.    Defendant brings error.    Affirmed.

*Corliss, Leete & Moody* and *A. B. Hall,* for appel-
lant.

*Clarke, Lockwood, Bryant & Klein,* for appellee.

BIRD, J.    Plaintiff and her husband were residents
of Oxford.    On Sunday morning, July 27, 1915, they
left Oxford as guests of George Brokenshaw and his
wife, for an automobile ride to Detroit and Belle Isle
Park.    Mr. Brokenshaw drove the machine.    They en-
tered the city from the north, and proceeded down
Woodward avenue, intending to leave it and turn east
on Piquette avenue.    When they reached Piquette ave-
nue, the driver made observations, but saw nothing
he thought would interfere, and so proceeded to cross
defendant's double tracks.    Before clearing the east
track, the rear part of his automobile was struck with
great force by a north-bound car, forcing it up against
the east Woodward avenue curb, thereby throwing
plaintiff out and injuring her.    The negligence of
which the plaintiff complains was excessive speed and
reckless operation of the car.    The questions raised
by defendant relate to its negligence and the contribu-
tory negligence of the plaintiff.

1. *The negligence of the defendant.*    Defendant in-

sists that its negligence was not established. Plaintiff's proofs bearing on this question tend to show that the street car was being operated at the rate of 30 miles an hour; that the motorman could have observed the automobile for nearly 100 feet before the collision took place; that no effort was made upon his part to stop the car, nor slacken its speed before it reached Piquette avenue, although it was shown that it could have been stopped within 50 or 60 feet. It further appeared that the operation of the car at the rate of 30 miles an hour was not only unsafe in that locality on account of the density of traffic, but was in violation of the city ordinance. A part of plaintiff's testimony was in dispute, but the showing was such that it presented a question for the consideration of a jury as to whether the car was being operated at an excessive rate of speed, and whether the motorman did. what he reasonably might have done to avert the collision. *Bush* v. *Railway*, 113 Mich. 513 (71 N. W. 851) ; *Purulewski* v. *Railway*, 181 Mich. 133 (147 N. W. 596) ; *Millette* v. *Railway*, 186 Mich. 634 (153 N. W. 10) ; *Rahaley* v. *Railway*, 177 Mich. 96 (142 N. W. 1099).

2. *Plaintiff's contributory negligence.* The situation that the driver was in when at the point of turning onto Piquette avenue appears to be that he was on the west side of Woodward avenue, headed south; that he was about to cross defendant's double tracks. He looked in both directions, but saw no car, save a southbound car, which had passed him a few moments before. A north-bound car was approaching, but was obscured from view by the south-bound car. While he was proceeding at the rate of from 8 to 10 miles an hour across the west track, he observed the northbound car about 75 feet distant. He kept going as he thought he could clear it. After looking north and east, he glanced to the south again just as the automo-

bile was entering on the east track. The street car was then not more than 50 feet away. He hastened the speed of his automobile, still thinking he could cross in safety, but before he could do so his car was struck and the injury done. At the moment he turned his car toward the east, his line of vision extended over 100 feet south on the east track, and no car was in sight. It cannot be said as a matter of law that he was guilty of contributory negligence in going onto the west track under such circumstances. The car was 50 feet away when he entered on the east track. At that moment he thought he could cross before the car reached him. He had a right to expect that the motorman would use reasonable care and slow down if it became necessary to enable him to cross in safety. *Tunison* v. *Weadock,* 130 Mich. 141 (89 N. W. 703), and cases. For concluding to go across the east track, we cannot say as a matter of law that he was guilty of contributory negligence, considering the situation he was in. His judgment was that he could cross in safety, and there is room for believing that his judgment would have been verified had the motorman done what the driver of the automobile had a right to expect he would do under the circumstances. This is made probable by the fact that the automobile was struck near the center of the rear wheel. A moment more and the automobile would have cleared. Under the testimony presented, the negligence of the driver of the automobile was obviously a question of fact and not of law, and the trial court was not in error in submitting it to the jury. *Putnam* v. *Railway,* 164 Mich. 342 (129 N. W. 860).

The judgment is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.