GRANADER v. DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—CROSSING ACCIDENT—
NEGLIGENCE—QUESTION FOR JURY.
    In an action against a street railway company for personal
    injuries caused by a collision between a street car and a
    motor truck, testimony that, although when the car was
    more than 100 feet away it became evident that the truck
    was attempting to cross the track in front of the car, but
    the motorman made no effort to slacken the speed of the
    car until within a few feet of the truck, *held*, to present a
    question for the jury as to whether the motorman used
    such care as he should, under all the circumstances.[1]

2. SAME — PLEADING—ORDINANCES — EVIDENCE — TRIAL — INSTRUC-
TIONS.
    In such action, a city ordinance regulating the speed of
    street cars that was neither pleaded nor received in evi-
    dence was unavailable, and an instruction as to the speed
    of street cars as fixed in the ordinance was reversible
    error.

Error to Wayne; Hosmer, J.   Submitted January
15, 1919.   (Docket No. 41.)   Decided April 3, 1919.
Rehearing denied June 13, 1919.

Case by Jacob Granader, an infant, by his next
friend, against the Detroit United Railway and an-
other for personal injuries.   Judgment for plaintiff.
Defendant railway brings error.   Reversed.

*Corliss, Leete & Moody* and *Benjamin S. Pagel,* for
appellant.
*Baubie & Baubie,* for appellee.

BIRD, C. J.   Plaintiff, a boy 17 years of age, was
riding on the platform of a motor truck owned by
Morgan & Wright, and operated by one of its drivers,
in the city of Detroit.   The motor truck was going
south on Brush street.   When it reached the north

[1]On right of motorman to assume that no one will attempt to
cross track so close in front of car as to render a collision
probable, see note in 5 L. R. A. (N. S.) 1059.

curb line of Warren avenue the driver observed a street car about 250 feet away approaching from the west. He kept on his course and concluded he could cross in advance of the car. When he was entering on the track the car was about 125 feet distant. The motor truck was 40 feet long and before he could clear the track the street car struck the rear end of it and threw plaintiff therefrom to the ground and seriously injured his shoulder. The negligence charged in the declaration was excessive speed of the car; the failure to give warning of its approach and the negligent operation of the car. A trial resulted in a judgment for plaintiff of $3,500.

1. Defendant complains of the refusal of the trial court to direct a verdict in its behalf, its contention being that no negligence upon its part was shown. We do not agree with this contention. By the time the truck driver reached the north line of Warren avenue, both he and the motorman were in plain view of each other. Each knew the other was going to cross his pathway. It therefore became the duty of each to use reasonable care to avoid a collision. The testimony left it an open question as to whether the motorman discharged his duty. The testimony shows that the motorman made no effort to slacken the speed of his car until he got within a few feet of the truck, notwithstanding the fact that he was considerably over 100 feet distant when it became obvious that the truck driver was attempting to cross in advance of him. The truck driver was an experienced operator and he appears to have thought from the way traffic ordinarily moves he could clear the track before the street car arrived. The motorman evidently thought so too, and he delayed taking any precaution until it was too late to be effective. The question as to whether the motorman used such care as he should have used, under all the circumstances, was clearly a ques-

tion for the jury. *Bush* v. *Railway Co.*, 113 Mich.
513; *Rahaley* v. *Railway*, 177 Mich. 96; *Purulewski*
v. *Railway*, 181 Mich. 133; *Millette* v. *Railway*, 186
Mich. 634; *Prince* v. *Railway*, 192 Mich. 194; *Hickey*
v. *Railway*, 202 Mich. 496.

2. Complaint is made of the following instruction:

"The ordinance of the city of Detroit provides that
within the three-mile circle, and this would be within
the three-mile circle, the cars may not run at a greater
than an average rate of ten miles an hour, but when I
speak of that, gentlemen of the jury, I do not mean
to say that ten miles is a maximum speed, but is the
average speed, including all the stops on the line, and
I cannot say, gentlemen of the jury, that to run a car
at 18 miles an hour or 17 miles or whatever the testi-
mony shows, that this is an indication that there is a
breach of the ordinance. But on the other hand, gen-
tlemen of the jury, a truck driving along the street is
not obliged to wait until every street car in sight has
come and passed by, because in some places obviously,
gentlemen of the jury, you would never get across.
But what it does mean is this, that a person shall ex-
ercise reasonable care when a motorman is running
at 18 miles an hour, which he may properly do under
some circumstances. It does not mean, gentlemen of
the jury, that it shall continue at 18 miles an hour
when any vehicle which is approaching nearer the
crossing than he is, attempts to cross in front of him,
it is for you to say under the circumstances of this
case whether or not the Detroit United Railway was
guilty of negligence under the circumstances."

It is argued that inasmuch as the ordinance referred
to was neither pleaded nor received in evidence, the
instruction was error, and it is urged that it was ren-
dered more harmful by the fact that the principal
ground of recovery was based on excessive speed of
the car.

It was held in *Richter* v. *Harper*, 95 Mich. 221, that
a city ordinance to be available in establishing the
negligence of the defendant must be pleaded. In

206—Mich.—24.

*Gardner* v. *Railway Co.,* 99 Mich. 182, the rule was approved and the reason therefor stated to be that a common-law declaration will not support proof of a duty created by an ordinance, unless defendant is given notice thereof. This rule has since been adhered to by this court in many cases, although we have held that an ordinance, not pleaded, was admissible in evidence when offered solely for the purpose of affecting the question of plaintiff's negligence. *Putnam* v. *Railway,* 164 Mich. 342; *Millette* v. *Railway,* 186 Mich. 634.

In the present case the declaration made no reference to the ordinance. Neither was it offered in evidence. Had counsel in his argument to the jury made the same use of the ordinance without correction by the court, it would have been regarded as a serious error. Coming as it did from the court it had greater force with the jury. While the case finally turned on the negligent operation of the car the question of speed was much relied on in connection with this question. In view of this we think the reference made to the ordinance by the court was harmful to the point of being reversible error. For this reason the judgment is reversed and a new trial ordered, with costs to defendant.

Moore, Steere, Brooke, Fellows, Stone, and Kuhn, JJ., concurred. Ostrander, J., did not sit.