YEOMAN v. MUSKEGON TRACTION & LIGHTING CO.

1. NEGLIGENCE—PLEADING—DUTY CREATED BY ORDINANCE MUST BE PLEADED—FRANCHISES.

A mere common-law declaration in an action for negligence will not support proof of a duty created by an ordinance unless pleaded, and whether the ordinance is a part of defendant's franchise or not is immaterial.

2. STREET RAILWAYS—PLEADING—NEGLIGENCE—EXCESSIVE SPEED—ORDINANCES—FRANCHISES—EVIDENCE—ADMISSIBILITY.

In an action against a street railway company, where the declaration counted upon the excessive speed at which defendant's car was operated when it collided with plaintiff's automobile causing the damages sought to be recovered, but not pleading the city ordinance limiting to 12 miles an hour the rate of speed at which street cars should run in said city, it was not admissible in evidence although it is a part of defendant's franchise.

Error to Muskegon; Vanderwerp (John), J. Submitted January 14, 1921. (Docket No. 77.) Decided March 31, 1921.

Case by Edgar L. Yeoman against the Muskegon

Traction & Lighting Company for personal injuries. Judgment for plaintiff.   Defendant brings error.   Reversed.

*Cross, Foote & Sessions*, for appellant.

*Willard J. Turner*, for appellee.

BIRD, J.   Plaintiff was an employee of the Linderman Steel & Machine Company in Muskegon.   On the evening of December 12, 1918, after leaving his work, he went outside, cranked his automobile and backed it onto defendant's track, where it stalled and was run into by one of defendant's interurban cars.   The automobile was damaged and plaintiff was injured. Defendant being unwilling to compensate him he brought this suit.   The declaration counted upon the negligence of defendant because of the excessive speed at which the car was being operated and because the motorman failed to give warning of its approach.   The trial resulted in a verdict for plaintiff of $3,000. Application was made for a new trial assigning numerous reasons.   After considering them the trial court concluded that the verdict was excessive, but gave plaintiff the privilege of remitting $1,350, which was complied with in writing.   The motion was then overruled.   Defendant, being unwilling to pay this amount, has assigned error.

The error most complained of was the admission in evidence of an ordinance of the city of Muskegon, limiting the speed of defendant's cars to 12 miles an hour.   This was objected to by defendant on the ground that it was not pleaded.   Considerable controversy ensued between counsel and between the court and counsel, after which the ordinance was admitted and read to the jury.   It is argued by defendant that this was clearly in violation of the rule laid down in the following cases: *Richter* v. *Harper*, 95 Mich. 221;

*Gardner* v. *Railway Co.*, 99 Mich. 182; *Granader* v. *Railway*, 206 Mich. 367.

In the last case cited it was said:

"It was held in *Richter* v. *Harper*, 95 Mich. 221, that a city ordinance to be available in establishing the negligence of the defendant must be pleaded. In *Gardner* v. *Railway Co.*, 99 Mich. 182, the rule was approved and the reason therefor stated to be that a common-law declaration will not support proof of a duty created by an ordinance, unless defendant is given notice thereof. This rule has since been adhered to by this court in many cases, although we have held that an ordinance, not pleaded, was admissible in evidence when offered solely for the purpose of affecting the question of plaintiff's negligence. *Putnam* v. *Railway*, 164 Mich. 342; *Millette* v. *Railway*, 186 Mich. 634."

As indicating the use which was made of the ordinance by the trial court the following paragraph from his charge will show:

"It is also claimed by the plaintiff, and the ordinance of this city offered in evidence shows, that it was the duty of the defendant's motorman to not drive street cars in this city at a rate of speed exceeding 12 miles per hour, and it is claimed by the plaintiff that this street car was at the time in question being driven at a speed considerably in excess of 12 miles an hour as provided by this ordinance. Now, gentlemen, I charge you that the fact that this street car was driven at a speed exceeding 12 miles an hour, if you find that to be a fact, does not of itself show that the motorman in so driving the street car was guilty of negligence, but it is a fact and the ordinance is a thing that you should take into consideration together with all the other evidence in the case and the circumstances surrounding this occurrence in determining whether or not the defendant's motorman was negligent."

Plaintiff's counsel contended in the trial court, and also in this court, that these cases did not apply because the ordinance in this instance was a part of

the franchise under which defendant operated its cars in the city of Muskegon.   We are unable to perceive any force in this distinction.   The reason which supports the rule is that a mere common-law declaration will not support proof of a duty created by an ordinance unless pleaded.   Whether the ordinance is a part of the franchise, or whether it stands by itself, it seems to us to make very little difference. In either event the effect is the same.   The situation in this case was very much as it was in *Granader* v. *Railway, supra.*   There the principal contention was over the question of excessive speed.   The same question was involved here.  There was some testimony that the car was running as high as 30 miles an hour.   The introduction of this ordinance providing that defendant should not exceed 12 miles an hour in the operation of its cars must have had its effect on the jury.

We are of the opinion that the rule stated in the cases cited is applicable to the present one, and that the trial court was in error in permitting the ordinance to come in upon the question of defendant's negligence without being pleaded.

It will be unnecessary to consider the remaining assignments.

The judgment is reversed and a new trial ordered. Defendant will recover its costs in this court.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.