MORAN *v*. DETROIT, YPSILANTI & ANN ARBOR RAILWAY.

STREET RAILWAYS—COLLISION—INJURY TO HORSES—NEGLIGENCE OF DRIVER—EXCESSIVE SPEED—QUESTION FOR JURY.

    In an action for injury to horses, caused by a collision with a trolley car, it was proper for the court to refuse to decide, as a matter of law, the question whether the driver was guilty of negligence, where it appeared that an ordinance forbade the company to run cars in excess of an 8-mile rate of speed, and the driver testified that he looked for cars before turning in towards the track, and that none were visible within a distance of 40 rods.

Error to Washtenaw; Kinne, J.   Submitted June 7, 1900.   Decided September 13, 1900.

Case by John Moran against the Detroit, Ypsilanti & Ann Arbor Railway for injuries to personal property. From a judgment for plaintiff, defendant brings error. Affirmed.

*Cutcheon & Stellwagen* (*John D. Mackay*, of counsel), for appellant.

*A. J. Sawyer & Son*, for appellee.

HOOKER, J.   The plaintiff's horses and wagon were injured in a collision with the defendant's trolley car. The defendant has appealed from a verdict of $125 in favor of the plaintiff.   The only questions in the case are whether the record conclusively shows contributory negligence, and, if it does not, then whether the verdict is so clearly wrong as to make the denial of a motion for a new trial error.   The distance that a car was visible from the point where the accident occurred is in dispute; defendant claiming it to be at least 70 or 80 rods, while the plaintiff and his witnesses place it at 40 rods.   The plaintiff was driving along the road, until he should come to a point where a private lane turned off, and where he intended to cross the track.   He testified that he looked both ways before turning in towards the track, and neither saw nor heard a car, and, as he drew up nearer the track, the step of the car hit his forward hub and the horse.   There is opportunity for the belief that he did not turn short upon the track, and that he drove some 8 or 10 feet before he was struck, after looking and not seeing the car.   We cannot say, therefore, that he drove immediately in front of the car, or that it was so close that it was necessarily negligent not to see it when he looked.   He had a right to suppose that the car would be run at an 8-mile rate of speed, in conformity to the ordinance; and, if no car was within 40 rods, we cannot say, as a legal proposition, that he should not attempt to cross the track, had he seen it. In this respect the case resembles *Ryan v. Railway Co.,* 123 Mich. 597 (82 N. W. 278).

Upon a motion for new trial, affidavits were produced which show that, by actual measurement, the car was visible for a greater distance than plaintiff claimed; but the view that we have taken precludes reversal upon this ground.

The judgment is affirmed.

The other Justices concurred.