## CHAUVIN v. DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—CROSSING TRACKS — CONTRIBUTORY NEGLI-
   GENCE—QUESTION FOR JURY.

   A driver who, before turning to cross a double-track street
   railway in the night, looked and saw a car approaching on
   the track nearest him one block away, and a car approaching
   from the opposite direction on the other track two blocks
   away, and, as he drove upon the tracks, looked first for the
   car on the nearer track, and then for the other, which he saw
   was about to strike him, was not negligent, as a matter of
   law, in failing to look immediately before going upon the
   second track.

2. SAME.

   Where, in the exercise of common prudence, a person may
   reasonably think there is time to cross a street railway safely,
   he is not chargeable with negligence in attempting it.

Error to Wayne; Hosmer, J.  Submitted November 4,
1903.  (Docket No. 84.)  Decided November 17, 1903.

Case by Silas Chauvin against the Detroit United Rail-
way for personal injuries.  From a judgment for plaintiff,
defendant brings error.  Affirmed.

*Brennan, Donnelly & Van De Mark,* for appellant.

*S. E. Engle,* for appellee.

HOOKER, C. J.  The plaintiff's team was struck by
defendant's street car, and one of his horses was killed and
he was injured.  The collision occurred about 7 o'clock in
the evening of October 28th, after dark.  The only ques-
tion raised by this record is whether the court should have
directed a verdict upon the ground of contributory negli-
gence.

The plaintiff testified that he was driving upon Jefferson
avenue, and had occasion to cross the double track of the

railroad; that, before turning to cross, he looked both ways for the cars, and saw them both; that the one going from the city was approaching on the track next him, and was about one block distant; that the one going toward the city was approaching him, and was about two blocks distant; that he turned to cross diagonally, but was struck by the latter. It is fairly inferable from his testimony that, as he drove upon the tracks, he looked again, first for the east-bound car, which was the nearer, and then for the west-bound car, when he saw that it was about to strike him, and the collision happened at once. There was evidence that the car was running very fast, and testimony tending to show that no effort was made to stop it. In deciding this question, the testimony most favorable to the plaintiff must be assumed to be true.

Defendant's counsel claim that it is conclusively shown that the plaintiff was negligent, because he drove upon the second track before looking a second time, and that, under the decisions of this court, one who does not look immediately before going upon a railroad track is negligent; citing *Doherty* v. *Railway Co.*, 118 Mich. 209 (76 N. W. 377, 80 N. W. 36); *Merritt* v. *Foote*, 128 Mich. 367 (87 N. W. 262); *McCarthy* v. *Railway Co.*, 120 Mich. 400 (79 N. W. 631); *McGee* v. *Railway Co.*, 102 Mich. 107 (60 N. W. 293, 26 L. R. A. 300, 47 Am. St. Rep. 507); *Borschall* v. *Railway*, 115 Mich. 473 (73 N. W. 551); *Hine* v. *Railway Co.*, 115 Mich. 204 (73 N. W. 116). It is true that in some cases the negligence of a plaintiff has been clearly and conclusively shown. We think this is not such a case. The use of cars upon highways does not deprive persons of the right of walking and driving. They are constructed and operated upon the assumption that they will be driven upon and over, and that mutual care will be taken to avoid collisions. Necessarily the driving public must exercise some judgment in relation to the opportunity to cross tracks, especially in places where cars are always in sight; and, as we have intimated in another case, if one were to be always chargeable with negligence

for driving upon a track when an approaching car was in sight, there are places where he could never cross the track without being negligent. When, in the exercise of common prudence, he may *reasonably* think there is time to cross safely, he is not chargeable with negligence.

In this case two cars were in sight, one and two blocks away, respectively. Naturally he would look for the most danger from the nearer. Hence he may have looked first for that as he turned upon the track, and then for the other. It may be, as counsel seem to contend, that he should have looked soon enough to see where the car was before driving upon the second track, and that he should have stopped upon, or attempted to back from, the first track, in the face of the approaching car upon that track. The sequel has proved that he could have done so, because that car was stopped before it got to him; but it would not ordinarily be a safe thing to do, and we have said in one or more cases that, where one finds himself unexpectedly in a place of danger, that fact bears upon the question of his negligence in what he does afterwards, where he was not negligent in getting into the danger. If it is true that it was reasonable for, him to believe he could cross safely, he was not negligent in attempting it. We cannot tell how much he had to fear from the nearer car, nor how much attention he felt it necessary to give to it. It was in the night, when the rate of speed of a car two blocks away may not have been easily determinable. Under these circumstances, we are not justified in saying that he was necessarily negligent in what he did. It was a proper question for the jury. The case is within the rule followed in the cases of *Garrity* v. *Railway Co.*, 112 Mich. 369 (70 N. W. 1018, 37 L. R. A. 529); *Ryan* v. *Railway Co.*, 123 Mich. 597 (82 N. W. 278); *Moran* v. *Railway*, 124 Mich. 582 (83 N. W. 606); *Boettcher* v. *Railway Co.*, 131 Mich. 295 (91 N. W. 125).

The judgment is affirmed.

The other Justices concurred.