138  263
143  ²167

138  263
f147 ² 69

## McVEAN v. DETROIT UNITED RAILWAY.

1. STREET RAILROADS—INJURIES TO TRAVELERS—NEGLIGENCE.
   A street-railway motorman, approaching a vehicle from behind, and seeing other vehicles in a narrow space between the track and curb, and observing that the horse attached to the vehicle appears to be frightened, is bound to immediately bring his car under control, so far as it is possible for him to do so.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   Plaintiff, a girl 15 years of age, was riding with her sister in a buggy drawn by a horse ordinarily gentle, but which became frightened at the approach of a street car at a high rate of speed, causing dust and leaves to fly into the air. Plaintiff, who was obliged to act quickly, and not knowing the speed of the car or its exact distance from her, attempted to alight, to hold the horse by the head until the car passed, when the car struck her. *Held*, that plaintiff was not guilty of contributory negligence, as a matter of law.

Error to Oakland; Smith, J.    Submitted October 20, 1904.    (Docket No. 62.)    Decided November 29, 1904.

Case by Ethel McVean, by next friend, against the Detroit United Railway for personal injuries.    There was judgment for plaintiff, and defendant brings error.    Affirmed.

Defendant's track runs over North Saginaw street, in the city of Pontiac.    The street is 30 feet 2 inches wide, the distance between the west rail and the curb being 12 feet and 7 inches.    The car projected $22\frac{1}{4}$ inches beyond the track.

Plaintiff, 15 years old, was riding with her sister in a buggy drawn by one horse.    Her sister was driving, sitting on the right side of the buggy, next to the curb; plaintiff, on the left side, next to the track.    They were going south.    Defendant's car approached them from be-

hind. The horse became somewhat frightened. Plaintiff jumped from the buggy, with the intention, as shown by the testimony of her sister, of getting the horse by the head and holding him while the car passed. As or immediately after she jumped from the buggy, the car struck her, inflicting serious injury. The horse was gentle and accustomed to cars. The negligence charged is that the defendant ran the car at an excessive and unlawful rate of speed, thereby causing the dust and leaves to fly in the air, which frightened the horse, and that the motorman did not keep his car under sufficient control.

The jury found, in reply to special questions propounded to them by the defendant, that the act of plaintiff "in getting out of the buggy was the act of an ordinarily prudent person of her years, under similar circumstances, taking into account the narrowness of the street and the speed of the approaching car; that, if the car had been traveling at the rate of four or five miles per hour, the motorman could have stopped the car in time to prevent hitting the plaintiff; and that the commotion of the leaves and dust raised by the speed of the car frightened the horse." She obtained a verdict and judgment.

*Brennan, Donnelly & Van De Mark (James H. Lynch,* of counsel), for appellant.

*Patterson & Patterson,* for appellee.

GRANT, J. *(after stating the facts).* Defendant's counsel insist that there was no negligence on the part of the defendant, and that the plaintiff was guilty of contributory negligence in jumping from the buggy. The defendant, both in reason and under the authorities cited by the defendant, could not be held liable for the commotion of leaves and dust caused by running at the ordinary and lawful rate of speed. The case was not submitted to the jury upon that theory.

The evidence on the part of the plaintiff tended to show a speed as high as 20 miles an hour, and that this unusual

rate of speed caused an unusual commotion of leaves and dust, which frightened the horse.

The motorman admitted that, when he saw the horse appeared to be frightened, he did not at once bring his car under control, but gradually reduced its speed. There were other vehicles in this narrow space, and we think it was the duty of the motorman, on seeing that any horse in such a place was frightened, to immediately bring his car under control, so far as it was possible for him to do so.

The plaintiff was not, as a matter of law, guilty of contributory negligence. We cannot say that it was an imprudent thing for her to alight for the purpose of getting the frightened horse by the head, in the attempt to hold him while the car passed. She was obliged to act quickly. She could not tell the speed of the car, or the exact distance it was from her when she began to alight. It may have seemed to her that there was ample time for her to alight and seize the horse by the head before the car passed.

The questions of negligence on the part of the defendant and of the plaintiff were properly submitted to the jury. This case is ruled by the following decisions, and the cases which are there cited: *Chauvin* v. *Railway*, 135 Mich. 85; *Selleck* v. *Railway Co.*, 93 Mich. 375; *McClellan* v. *Railway Co.*, 105 Mich. 101; *Montgomery* v. *Railway Co.*, 103 Mich. 46.

Judgment affirmed.

The other Justices concurred.