GAFFKA v. DETROIT UNITED RAILWAY.

STREET RAILROADS — CROSSING ACCIDENT—CONTRIBUTORY NEGLI-
GENCE—QUESTION FOR JURY.

> In an action against a street railroad for injuries received by
> plaintiff, in a collision between plaintiff's vehicle and a car,
> in attempting to cross the defendant's track, evidence that,
> before crossing the track, plaintiff looked up the track for
> more than 300 feet and saw no car, is sufficient to take the
> case to the jury on the question of plaintiff's contributory
> negligence.

Error to Wayne; Donovan, J. Submitted February
28, 1906. (Docket No. 204.) Decided March 27, 1906.

Case by Minnie Gaffka against the Detroit United Rail-
way for personal injuries. There was judgment for de-
fendant on a verdict directed by the court, and plaintiff
brings error. Reversed.

*Raymond E. Van Syckle* (*J. Emmet Sullivan*, of
counsel), for appellant.

*Corliss, Leete & Joslyn*, for appellee.

MOORE, J. On the afternoon of October 24, 1901, the
plaintiff was riding with her husband in a wagon going
north upon St. Aubin avenue in the city of Detroit. A
railway car belonging to the defendant, going east upon
Forest avenue, struck the rear portion of the rear wheels
of the wagon. As the result of it the plaintiff was in-
jured. This suit is brought to recover damages for those
injuries. The circuit judge was of the opinion the plain-
tiff was not entitled to recover on account of her contribu-
tory negligence, and for that reason directed a verdict in
favor of the defendant.

The important question is whether the case should have

been allowed to go to the jury. It would profit no one to set out in detail the testimony offered on the part of the plaintiff. It does appear, however, that, before crossing the track, she looked up the track, for more than 300 feet, and saw no car. But we are all of the opinion that, under the rulings in the following cases, the case should have been submitted to the jury. *Geist* v. *Railway*, 91 Mich. 446; *Ryan* v. *Railway Co.*, 123 Mich. 597; *Chauvin* v. *Railway*, 135 Mich. 85.

The judgment is reversed, and a new trial ordered.

CARPENTER, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.