LA LONDE v. TRANS ST. MARY'S TRACTION CO.

145    77
f147  ¹ 69
145    77
155   ¹ 22

1. STREET RAILROADS—PERSONAL INJURIES—NEGLIGENCE—QUESTION FOR JURY.

In an action against a street railroad company for injuries to a traveler resulting from collision, testimony that plaintiff had occasion to cross defendant's track with a loaded wagon, when the car was 300 feet away, and thought he had ample time to cross, and would have crossed in safety had the motorman done his duty, makes a case for the jury.

2. EVIDENCE—EXPERTS—EXAMINATION—ASSUMPTION OF FACTS.

A question to an expert as to what rate of speed a street car was going at the time of an accident, which he did not see, is properly overruled where the question does not assume that he heard all the testimony, and it does not appear what part of the testimony he did hear, nor that he had knowledge of the weight of the car, its momentum, or of the weight of the load with which it collided.

Error to Chippewa; Steere, J. Submitted June 7, 1906. (Docket No. 38.) Decided July 9, 1906.

Case by Joseph La Londe against the Trans St. Mary's Traction Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Oren, Webster & Carleton* and *John H. More*, for appellant.

*F. T. McDonald* (*M. M. Larmonth*, of counsel), for appellee.

MOORE, J. The plaintiff recovered a judgment for injuries done him by a street car belonging to defendant corporation. The case is brought here by writ of error. Appellant's counsel state the issues to be: *First*, that on plaintiff's own statement of his case appellant was entitled to a direction that plaintiff was guilty of contributory

negligence, as a matter of law, and could not recover; and, *second,* that error was committed in refusing to permit the witness Stadley to answer a question as to his opinion of the speed the car was going at the time of the collision.

Taking up these issues in the order presented: The plaintiff while driving a team drawing a loaded wagon had occasion to cross the defendant's track. It was his claim that when he attempted to go across the track the car was 300 feet away, and that he thought he had ample time to cross and would have crossed in safety if the motorman had done his duty. The law applicable to such a case is correctly stated in the recent cases of *Chauvin* v. *Railway,* 135 Mich. 85; *Gaffka* v. *Railway,* 143 Mich. 456. The testimony made a case for the jury.

The second issue grows out of the refusal of the court to permit an answer to the following question:

"Now, you have heard testimony here relative to this collision and the position of the car and wagon immediately after, as the result of the collision, and I ask you, taking that state of facts that has been testified to in your hearing upon these points, and your knowledge of the conditions that existed there, the weight of the car and so on, at what rate of speed in your judgment was that car going at the time of the collision?"

The witness did not see the accident. The question does not assume he heard all the testimony. It does not appear what part of the testimony he did hear, nor does it appear that he had knowledge of the weight of the car, its momentum, or of the weight of the load which was struck. We do not think it was error to exclude the answer.

Judgment is affirmed.

CARPENTER, C. J., and MCALVAY, GRANT, and HOOKER, JJ., concurred.