McQUISTEN v. DETROIT CITIZENS' STREET-RAILWAY CO.

1. Street Railroads—Personal Injuries — Persons on Track —Contributory Negligence.

In an action against a street-railway company for the negligent killing of plaintiff's intestate while crossing the defendant's track on foot, evidence examined, and *held*, that whether deceased was guilty of contributory negligence was a question for the jury.

2. Same—Crossing Before Approaching Car.

Even though a pedestrian can see an approaching car, if, in the exercise of common prudence, he may reasonably think there is sufficient time to cross safely, he is not chargeable with negligence in attempting to do so.

Error to Wayne; Carpenter, J. Submitted November 16, 1906. (Docket No. 151.) Decided January 4, 1907.

Case by William D. McQuisten, administrator of the estate of Peter Trudell, deceased, against the Detroit Citizens' Street-Railway Company for the negligent killing of plaintiff's intestate. There was judgment for defendant, notwithstanding a verdict for plaintiff, and he brings error. Reversed, and judgment entered for plaintiff.

*William Look*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

MOORE, J. This action is brought to recover damages for the death of plaintiff's intestate, who was instantly killed by a car of defendant company, March 2, 1895. After plaintiff's testimony was in, and also at the close of the testimony for defendant, a motion was made to take the case from the jury. These motions were overruled. The case was submitted to the jury by the trial judge,

and a verdict of $3,500 was rendered in favor of the plaintiff. When the case was submitted to the jury, it was agreed that, if the trial judge should later conclude he ought to have directed a verdict for defendant, he should set aside the verdict, in case one was rendered in favor of plaintiff, and enter one in favor of defendant. Afterwards a motion was made by defendant to set aside the verdict and enter one in favor of defendant. The trial judge was of the opinion that the testimony showed deceased was guilty, as a matter of law, of contributory negligence, and set aside the verdict, and entered one in favor of defendant. This was done April 22, 1902; the trial judge suggesting that, if he was wrong, the Supreme Court would correct his error, and doubtless reinstate the verdict and judgment, in accordance with the practice in *Rudell* v. *Transit Co.*, 117 Mich. 568 (44 L. R. A. 415).

The accident occurred about half past 10 o'clock in the morning, on Jefferson avenue, near Bowen avenue. The track of defendant at that time was north of the traveled portion of the street. The street runs east and west. North of the railway track, at a distance therefrom variously stated by the witnesses to be from 3 to 7 feet, was a well from which teamsters were in the habit of drawing water for their teams. It is claimed that parallel to the track, on the north side thereof, looking west, and from 4 to 7 feet from the north rail, were the trolley and telephone poles and a row of trees that somewhat obstructed the view. The deceased and two other teamsters, each in charge of a team, stopped their teams opposite the well, and from 3 to 6 feet south from the railway track, for the purpose of watering their horses. It is claimed that before crossing the track deceased looked in each direction, and then went to the well and drew a pail of water; that after getting his pail filled he looked in a westerly direction and started across the track, and when about half way across he was struck by a car running at the rate of 30 or 40 miles an hour; and that no gong or bell was sounded, and that no warning was given of its approach.

Testimony was given by several witnesses tending to support the plaintiff's claim. Counsel sought to discredit the witnesses for the plaintiff, claiming they testified differently at the coronor's inquest. They denied they had done so. The witnesses for defendant gave another version of the transaction, but that presented a question for the jury. It is claimed the body was carried by the car 160 feet after Mr. Trudell was struck, and that the car ran 100 feet farther before it was stopped.

It is urged on the part of the plaintiff that if the signals had been given, or if the car had been running at a reasonable rate of speed, deceased would not have been hurt, and that it cannot be said, as a matter of law, the deceased was guilty of contributory negligence. It has been repeatedly held, even though one could see an approaching car, that if, in the exercise of common prudence, he may reasonably think there is time to cross safely, he is not chargeable with negligence. *Chauvin* v. *Railway*, 135 Mich. 85, and the many cases there cited; *McVean* v. *Railway*, 138 Mich. 263, and cases cited therein; *Gaffka* v. *Railway*, 143 Mich. 456; *La Londe* v. *Traction Co.*, 145 Mich. 77. We think it cannot be said, as a matter of law, deceased was guilty of contributory negligence. The trial judge properly submitted that question to the jury in his charge, and the verdict rendered should have been permitted to stand.

The last judgment is reversed, and the first one reinstated, with costs of both courts.

McAlvay, C. J., Montgomery, Ostrander, and Hooker, JJ., concurred.