McQUISTEN *v.* DETROIT CITIZENS' STREET RAILWAY CO.

Negligence—Contributory Negligence.

> In an action for negligence resulting in death, which has been twice before the court, and in which the question of contributory negligence was held to be for the jury, the introduction of testimony by each party of one additional witness, whose statements conflict on a material point, did not make the issue a question of law.

Error to Wayne; Hosmer, J. Submitted June 8, 1909. (Docket No. 4.) Decided July 6, 1909.

Case by William D. McQuisten, administrator of the estate of Peter Trudell, deceased, against the Detroit Citizens' Street Railway Company for the negligent killing of plaintiff's intestate. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

The deceased, of whose estate plaintiff is administrator, was killed in crossing the street car track of the defendant company. An action was instituted charging defendant with negligent failure to give any signal, and with operating its cars at an excessive rate of speed. On the trial, evidence was introduced tending to show that the car was running at a rate of 30 or 40 miles an hour, and that the deceased looked in its direction before starting to walk across the track; that the bell or gong was not sounded, and the car ran about 260 feet after hitting the deceased before it was stopped.

*Brennan, Donnelly & Van De Mark,* for appellant.

*William Look,* for appellee.

Grant, J. This case is before us for the third time. 147 Mich. 67 (110 N. W. 118); 150 Mich. 332 (113 N. W.

1118). Upon the first trial the case was considered so doubtful by the trial judge that it was agreed that the judge might, if the jury should find for the plaintiff, set aside the verdict and render judgment for defendant, if upon further consideration he concluded that judgment should have been rendered for the defendant. That case was reversed, holding that the question of contributory negligence was for the jury. The judgment then rendered in this court was so modified as to permit a review of the questions raised upon writ of error. This court again held that the question of contributory negligence was for the jury, although it was said that the evidence of contributory negligence was so strong that the trial judge might well consider it near the line of cases holding that contributory negligence was conclusively established.

The record now before us contains the same evidence as that produced on the first trial, and, in addition, that of two witnesses, not sworn upon the first trial, one of whom was produced by plaintiff and the other by defendant. The jury again rendered a verdict for the plaintiff for $2,750. Again counsel for the defendant contend that contributory negligence was conclusively established.

The additional witness for plaintiff was a teamster, driving a team on the road about 50 feet ahead of the others, who stopped beside the well to water their horses. He located the car 300 feet or more away when the deceased started with his pail of water across the track, and testified that the deceased was hit almost instantly as he stepped upon the track. The other was a witness for the defendant, and testified that he was a passenger on the car, and stood looking out of the front window as the car approached the place of the accident. He testified that the car was within about 15 feet of deceased when he picked up the pail of water, and made two or three steps onto the track. The testimony of these two witnesses, placed in the most favorable light for the defendant, is merely cumulative. The two do not agree as to the position of the car when the deceased started to cross. Their

evidence does not differ materially from that given by the other witnesses. We cannot consider it of sufficient strength to justify us in now saying that the deceased's contributory negligence was conclusively established. The law of contributory negligence, as stated in the two former opinions, is the law governing this case, and it was submitted to the jury upon the law as there stated. This new testimony is of the same general character as the other, and does not materially change the circumstances and facts as they appeared upon the first trial. If the evidence upon the former trial left the question of contributory negligence in doubt, this cumulative evidence has not conclusively removed it.

The judgment must therefore be affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.