PUTNAM *v.* DETROIT UNITED RAILWAY.

1. TRIAL—DIRECTING VERDICT—WEIGHT OF EVIDENCE.
   In determining whether or not a verdict should be directed against a plaintiff, in an action for personal injuries, his evidence must be given its greatest possible probative force.

2. STREET RAILWAYS — CONTRIBUTORY NEGLIGENCE — CROSSING STREET CAR TRACKS.
   A plaintiff who looked both ways before driving his automobile across a street car track, and had reason to think that he could cross in safety before an oncoming car, which, the testimony tends to show, was approaching at an excessive rate of speed, is not, as a matter of law, guilty of contributory negligence.

3. SAME—SPEED ORDINANCE—EVIDENCE—PLEADING—NEGLIGENCE.
   While the ordinance of a municipality is not admissible to show negligence, in an action against a street railway, for injuries sustained by plaintiff in a collision between his automobile and a car, unless the ordinance is pleaded, it is admissible in evidence to show that plaintiff had a right to anticipate that the speed of the car would not exceed a maximum therein specified.

Error to Wayne; Donovan, J. Submitted October 10, 1910. (Docket No. 17.) Decided February 1, 1911.

Case by Charles Putnam against the Detroit United Railway for damages to his automobile and for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Graves, Hatch & Wasey*, for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

BROOKE, J. Defendant maintains a double-track street railway on Michigan avenue, in the city of Detroit. That street runs practically east and west. The northerly

track carries the cars running west, and the southerly track those running east. Plaintiff, who was a wholesale dealer in flour, was, on the day of the accident, calling upon his customers, in doing which he used an old second-hand runabout automobile, capable of running not more than eight miles per hour. Plaintiff was proceeding easterly along the south side of Michigan avenue. Desiring to call upon a customer on Harrison avenue, a street which intersects Michigan from the north, he found it necessary to cross both street car tracks from south to north. He testifies that, just before reaching Harrison avenue, a large interurban car passed him at a high rate of speed, running in the same direction in which he was going; that he proceeded east to a point opposite Harrison avenue, where he intended to cross; that he then looked east, and saw, more than a block away, a car on the north or west-bound track, coming towards him; that he then looked west, and saw a car approaching from that direction, about a block distant; that he had slowed his machine to about three miles per hour; that he believed from the position of the cars it would be safe to cross between the two, and he attempted to do so. He crossed the southerly track in safety, but, when upon the north track, was struck by the west-bound car, his machine demolished, and he himself injured. Testimony was introduced by plaintiff tending to show that the west-bound car was running at an excessive rate of speed. At the close of plaintiff's proofs, a verdict was directed against him, upon the ground that he was guilty of contributory negligence as a matter of law.

Giving to plaintiff's evidence its greatest probative force, as we are bound to do where a verdict is directed against him, we are unable to say, as a matter of law, that he was guilty of contributory negligence. *Ryan* v. *Street-Railway Co.*, 123 Mich. 597 (82 N. W. 278); *Chauvin* v. *Railway Co.*, 135 Mich. 85 (97 N. W. 160); *Gaffka* v. *Railway*, 143 Mich. 456 (106 N. W. 1121); *Hebblethwaite* v. *Railway*, 145 Mich. 13 (108 N. W. 433); *La Londe* v.

*Traction Co.*, 145 Mich. 77 (108 N. W. 365); *McQuisten* v. *Railway Co.*, 147 Mich. 67 (110 N. W. 118); *Deneen* v. *Railway Co.*, 150 Mich. 235 (113 N. W. 1126).

Plaintiff offered in evidence an ordinance of the city of Detroit regulating the speed of street cars. The ordinance was not pleaded and was excluded. At the time of offering it, plaintiff's counsel explained that it was offered, among other reasons, for the purpose of showing that the plaintiff had a right to anticipate that the speed of the car that was approaching would not exceed a certain maximum rate. It is urged in this court that it was offered, not for the purpose of showing negligence on the part of the defendant, but to acquit the plaintiff of contributory negligence.

An examination of the record in the case of *Moran* v. *Railway*, 124 Mich. 582 (83 N. W. 606), relied upon by plaintiff, shows that the ordinance was in that case duly pleaded. An ordinance may not be introduced for the purpose of showing the negligence of the defendant unless pleaded. *Richter* v. *Harper*, 95 Mich. 221 (54 N. W. 768); *Gardner* v. *Railway Co.*, 99 Mich. 182 (58 N. W. 49). We think, however, an ordinance may be admitted in evidence without pleading, where the sole purpose of its admission is to acquit the plaintiff of contributory negligence. The ordinance should have been admitted under proper instructions from the court as to the purpose of its admission.

The other errors assigned require no discussion. The judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, BLAIR, and STONE, JJ., concurred.