ERDMAN *v.* DETROIT UNITED RAILWAY.

STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE.

Testimony in plaintiff's behalf that he looked both ways before turning to cross the double track of defendant street railway, that a car had just passed and he saw no other approaching until his horse reached the farther track, when he perceived a car coming on that track upwards of 280 feet away, that, believing he had time to cross, he hurried his horse and succeeded in getting out of the path of the car except his rear wheel, which the

street car struck, injuring plaintiff, and that the car was running at a high rate of speed so that it ran about 100 feet after it struck the rig, presented a question of fact for the jury, and the court erred in directing a verdict for defendant on the ground that plaintiff was negligent.[1]

Error to Wayne; Van Zile, J. Submitted October 8, 1912. (Docket No. 1.) Decided May 29, 1913.

Case by Charles Erdman against the Detroit United Railway Company for personal injuries. Judgment for defendant upon a directed verdict; plaintiff brings error. Reversed.

*Milligan & Milligan*, for appellant.

*Corliss, Leete & Joslyn* and *Benjamin S. Pagel*, for appellee.

MCALVAY, J. This is an action for damages claimed on account of personal injuries caused plaintiff by reason of being struck and thrown from his wagon by a car operated on defendant's street railway in the city of Detroit on account of claimed negligence of defendant's employees. A judgment in the case was rendered against plaintiff, upon a directed verdict for defendant at the close of plaintiff's case, on the ground of contributory negligence. Plaintiff brings the case to this court for review upon a writ of error. The sole question involved is whether error was committed by the trial court in directing said verdict. The record is very brief, and the only witness who testified relative to the accident is the plaintiff In view of the directed verdict against him, his testimony will be considered in its light most favorable to him.

---

[1] On the question of the right of a driver of vehicle to assume that motorman will give him time to cross track, see note in 5 L. R. A. (N. S.) 1081. And for injuries by street car collisions with vehicles or horses, generally, see note in 25 L. R. A. 508.

This accident occurred November 15, 1910. Plaintiff was a farmer, 65 years old, who resided upon a small farm at a place called Frazer, about 15 miles from the city hall in Detroit. On the day in question he had driven into town during the forenoon, and was at the time of his injury returning home. He was driving a single horse, hitched to a three-spring wagon, going in a northeasterly direction along Gratiot avenue in the city of Detroit, upon the right-hand side of the street. Upon this street is a double track used for the operation of defendant's street cars. As he approached the intersection of Joseph Campau avenue, he desired to cross the street car tracks and go to a grocery store. Just before he proceeded to cross the tracks a car of defendant, going in the same direction, passed him. He then looked both ways, and, seeing no car coming from either direction, turned to go across the tracks. He says that his horse was over the first track and between the two tracks when he looked again and saw a car approaching on the further track, just a little beyond Mitchell street, which is the next street east of Joseph Campau avenue. His horse at the time was just about to go onto the track along which the car was coming. He noticed that it was a big car and was coming fast. He drove his horse as fast as he could, thinking he had time to get across. The car struck the rear wheel of his wagon, throwing plaintiff out and injuring him. The record shows that the car was about 50 feet in length, and went about 100 feet after it struck the wagon.

The crucial question in the case is whether it can be said, as a matter of law, that plaintiff, when he saw the car coming rapidly toward him, should not have attempted to cross the second track. The exact distance of the car at the time when plaintiff discovered the necessity of hurrying across cannot be stated. At this time his horse was across the first track, and of necessity the head of the horse must have been at or

over the first rail of the second track. The plaintiff testifies that the car was beyond Mitchell street, which would be a distance, according to the plat in the record, of 282.86 feet. He also testifies that it was beyond Andries' store. Measurement showed that the distance to the east side of Andries' store was 140 feet. All of these statements are consistent with the fact that the car, when he got into this place between the tracks, was east of Mitchell street. All of the points mentioned are east of Andries' grocery. He testified that when he found himself in this situation he thought, by hurrying up, he had plenty of time to get across. The record shows that his rear wheel was barely struck by the car. There can be no question from this testimony but that, before crossing either track, he looked both ways and saw no car coming. He then crossed the first track, and with his horse on the space between the tracks he looked a second time and first observed this car. From his testimony, and from the distance the car ran after the collision, it is apparent that its speed was great. Under the circumstances we are constrained to hold, in view of plaintiff's testimony and the distance the car was from him when plaintiff made his attempt to cross the second track, that the question of contributory negligence should have been held to be one of fact to be determined by the jury. These cases are determined each upon its own merits, and there is nothing in this record to indicate reckless disregard of his safety by the plaintiff. We quote the following from a recent decision of this court:

"Giving to plaintiff's evidence its greatest probative force, as we are bound to do where a verdict is directed against him, we are unable to say, as a matter of law, that he was guilty of contributory negligence."

*Putnam* v. *Railway*, 164 Mich. 342, 343 (129 N. W. 860, 861), citing *Ryan* v. *Street Railway Co.*, 123

Mich. 597 (82 N. W. 278) ; *Chauvin* v. *Railway Co.*, 135 Mich. 85 (97 N. W. 160), and other cases.

The judgment of the circuit court is reversed, and a new trial granted.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.