# JUNE TERM, 1913.*

---

## SEEBACH v. MICHIGAN UNITED RAILWAYS CO.

1. STREET RAILWAYS—NEGLIGENCE—OPERATION OF CARS.

Evidence that plaintiff's wagon was struck by defendant's car as plaintiff attempted to turn around, that he saw the car nearly 600 feet away when he started to drive on the track, and believed that he had time to make the turn, but was delayed somewhat by the size of his load and by the sliding of his wheel on the rail, that the car ran 195 feet after it struck plaintiff's wagon and the motorman saw that plaintiff could not get out of the way, at a point 200 feet from the place of the accident, testimony being also introduced to show that the car could be stopped in less than 80 feet if it was not exceeding a speed of eight miles an hour, warranted the submission to the jury of the question whether defendant was negligent.[1]

2. SAME—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES.

It could not be said, as a matter of law, that plaintiff was guilty of contributory negligence: for a person is not chargeable with want of care, as matter of law, if he has reasonable ground, in the exercise of ordinary diligence, to believe that he can cross the track safely. Nor was the verdict contrary to the weight of the evidence.

3. TRIAL—CONDUCT OF CROSS-EXAMINATION.

Any error that the trial court may have committed in refusing to permit defendant's counsel to cross-examine the motorman who operated defendant's car, offered by plaintiff for examination as defendant's agent or servant, under Act No. 307, Pub. Acts 1909 (5 How. Stat. [2d Ed.] § 12865), was cured or made harmless by the fact

---

[1] On the question of injuries by street car collisions with vehicles or horses, generally, see note in 25 L. R. A. 508.

* Continued from Vol. 176.

that answers to the questions were later elicited from the witness: the proposed cross-examination was proper in behalf of defendant.

Error to Jackson; Parkinson, J. Submitted October 18, 1912. (Docket No. 157.) Decided September 30, 1913. Rehearing denied November 3, 1913.

Case by Fred H. Seebach against the Michigan United Railways for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Sanford W. Ladd,* for appellant.

*Thomas M. Poynton,* for appellee.

BIRD, J. When plaintiff received the injuries complained of in this suit, he was driving in a one-horse wagon in an easterly direction on East Main street in the city of Jackson. The defendant's track occupies the center of the street, and the plaintiff was driving between the track and the south curb, which is 16 feet. To avoid an automobile which was standing in front of a residence, he turned out to go around it, and in so doing drove his left wheels on the track. Before he could circle around the automobile and get clear of the track, his wagon was struck by a westbound car, and he was thrown out and badly injured. It appears that the cars operated on East Main street go as far east as Horton street, where they turn around by going onto a Y on Horton street. Before driving onto the track, plaintiff looked in both directions and saw the car in question at Horton street, 595 feet to the east, and concluded that he had time to go around the automobile before the arrival of the car. He was delayed somewhat by the fact that his wagon had a long reach and was heavily loaded, which made it necessary to make a larger circle than would have been necessary with a shorter reach. In

leaving the track, his left front wheel was slow in mounting the rail, which also added to the delay in clearing the track.

The plaintiff recovered a judgment in the trial court, and the defendant assigns a large number of errors, the gist of which is that the testimony does not show that the defendant was negligent, and because the testimony does show that the plaintiff was guilty of contributory negligence.

The negligence with which defendant was charged was its failure to exercise reasonable care and caution in the operation and management of the car so as to avoid colliding with plaintiff's wagon. To establish this allegation, the plaintiff showed that, when the car started on its return trip at Horton street, it was late, and that the motorman was told by the crew on the car following him "to go right down through, without stopping to pick up passengers, as they would do that;" that the car started and made no stop until after the collision. One witness testified from his observation that the speed of the car was not slackened until the collision took place, and another one testified that the car seemed to be going faster after the collision than before. After the collision the car ran 195 feet before it was stopped, and it was shown in connection with this that the car, under the weather conditions existing on the night in question, could have been stopped in about 70 or 80 feet, if going only 8 miles an hour, as claimed by the motorman. The motorman admitted that the street was sufficiently lighted to enable him to see the automobile while he was at Horton street. Later he saw plaintiff drive onto the track, and at Forbes street, while approximately 200 feet away, he concluded plaintiff was not going to get off the track before the car reached him. It was contended by the motorman that, when he saw that plaintff was not likely to get out of the way, he turned off his power, applied the brakes, and

reversed his car; but by reason of the dampness of the rail, he was unable to stop. The inference is very strong that the motorman was acting upon the suggestion of the crew following him in order to regain his schedule time, and that he indulged the presumption that plaintiff would clear the track by the time he reached there so long that he was unable to stop. If such were the case, the defendant was negligent, and the question as to whether the motorman operated and managed his car in a reasonably prudent manner, in view of the situation as it existed, was a fair question to be determined by the jury.

Was plaintiff guilty of contributory negligence? We do not think it can be said, as a matter of law, that a driver upon the highway, who turns out to avoid an obstruction in his way, and in so doing drives onto the track, when he sees an approaching car 595 feet away, is guilty of contributory negligence. The contributory negligence of the plaintiff was a question of fact for the determination of the jury, and came clearly within the line of cases which hold that—

"Where, in the exercise of common prudence, a person may reasonably think there is time to cross a street railway safely, he is not chargeable with negligence in attempting it." [*Chauvin* v. *Railway,* 135 Mich. 85 (97 N. W. 160)].

*Ryan* v. *Railway Co.,* 123 Mich. 597 (82 N. W. 278) ; *Chauvin* v. *Railway, supra; Gaffka* v. *Railway,* 143 Mich. 456 (106 N. W. 1121) ; *La Londe* v. *Traction Co.,* 145 Mich. 77 (108 N. W. 365) ; *McQuisten* v. *Railway Co.,* 147 Mich. 67 (110 N. W. 118) ; *Deneen* v. *Railway Co.,* 150 Mich. 235 (113 N. W. 1126, 13 Am. & Eng. Ann. Cas. 134).

The claim is made by defendant that the verdict was against the weight of the evidence. We cannot agree with counsel in this contention. The testimony on behalf of plaintiff was sufficient, if believed by the

jury, to justify them in returning a verdict for him.

The motorman was called by the plaintiff under the statute (Act No. 307, Pub. Acts 1909), and was cross-examined. Defendant then insisted upon his right to cross-examine the witness; the plaintiff objected, and the court ruled that:

"I realize the defendant in this case cannot cross-examine this witness, as the term 'cross-examine' is understood by the profession; but I think that the defense ought to have an opportunity to ask this witness such further questions as would leave the testimony of the witness in complete condition, and I will so rule, trusting counsel will not forget he is not cross-examining the witness."

Following this ruling, several questions were objected to by the plaintiff and sustained by the court; but in each instance the answer to the question was later elicited from the witness, and therefore we think no harm resulted to the defendant's case by reason of the erroneous ruling. The cases of *Jones* v. *Railroad Co.,* 168 Mich. 1 (133 N. W. 993), and *Johnson* v. *Carbide Co.,* 169 Mich. 651 (135 N. W. 1069), settle the question affirmatively, that the cross-examination offered was proper.

Further complaint is made with reference to the reception of certain testimony offered by the plaintiff. We have examined the objections thereto, but find no error in the rulings of the court admitting them. We are also of the opinion that the objections made to the sufficiency of the declaration are without merit.

The judgment of the trial court is affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.