CONGDON v. MICHIGAN UNITED TRACTION CO.

1. STREET RAILWAYS—AUTOMOBILES — CROSSING ACCIDENTS — CONTRIBUTORY NEGLIGENCE.
   An automobile driver is guilty of contributory negligence where he approaches an intersecting street on which street cars run at a low rate of speed, and, when 150 feet from the intersection, he sees a car pass on the further track in one direction, and, when he reaches a point 50 feet from the intersection and ascertains that there is no car coming on the near track in the opposite direction, he proceeds to cross without looking for another car coming on the further track until it is too late.[1]

2. SAME.
   The rule that a person attempting to cross street railway tracks is not guilty of contributory negligence in attempting it, where, in the exercise of common prudence, he

[1] Authorities discussing the question as to whether attempting to cross in front of observed street car is contributory negligence, are collated in a note in L. R. A. 1917C, 692.

may think there is a reasonable time to cross safely, is inapplicable where the driver of an automobile is placed in such a position that he has no other choice than to attempt to speed up and cross the tracks.

Error to Kalamazoo; Weimer, J. Submitted October 16, 1917. (Docket No. 138.) Decided December 28, 1917. Rehearing denied June 20, 1918.

Case by Herbert E. Congdon, administrator of the estate of Napoleon Pare, deceased, against the Michigan United Traction Company for the negligent killing of plaintiff's decedent. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Jackson & Fitzgerald,* for appellant.

*Sanford W. Ladd (Warren, Cady, Ladd & Hill,* of counsel), for appellee.

BIRD, J. Plaintiff's decedent, Napoleon Pare, was killed as a result of a collision between the automobile in which he was riding and a street car, at the intersection of Portage and Lake streets, in the city of Kalamazoo. Lake and Portage streets cross each other at nearly right angles. Lake street extends east and west. The general direction of Portage street is north and south, but bears slightly to the northwest and southeast, and defendant operates a double-track railway thereon. The southeast corner of the intersection is occupied by a two-story brick building, known as Gamble's drug store, the southwest corner by a furnace shop, the northwest corner by a church, and the northeast corner by a residence.

It was well on toward midnight on April 18, 1915, when William Sharpless was driving his automobile in a westerly direction on Lake street with Mr. Frank Barrett on the seat beside him, and plaintiff's decedent, his wife, and foster daughter in the rear seat.

As he approached the intersection of Lake and Portage streets he saw a car pass to the south on the west track. As soon as he was near enough to the intersection to see past Gamble's drug store he looked to the south and kept going on his westerly course at the rate of six or eight miles an hour. Just as the forward wheels of his automobile entered on the east track his attention was attracted by Mr. Barrett to another south-bound car which was then very close. He concluded that he could not stop without stopping on the west track on which the car was coming; consequently he increased the speed of his machine and attempted to cross in front of it. The street car collided with the rear end of his automobile, and threw plaintiff's decedent out upon the pavement, receiving injuries from which he died the following day.

Excessive speed in violation of the ordinance of the city and negligent operation of the car were relied upon for a recovery. At the conclusion of the testimony defendant requested a directed verdict on the ground that the testimony showed conclusively that William Sharpless, the driver, was guilty of contributory negligence. The trial court denied the request at the time, but reserved his right under Act No. 217, Pub. Acts 1915 (3 Comp. Laws 1915, § 14568 *et seq.*), to do so after the jury had passed upon it. The jury returned a general verdict in favor of the defendant, and also a special one as will be seen by the following special question and answer:

"*Q.* Did William Sharpless fail to look to the north for a car approaching from that direction at a point where he could have avoided the accident?
"*A.* Yes."

Subsequently an application was made by plaintiff for a new trial alleging several errors in the rulings and charge of the court. The argument of this motion persuaded the trial judge that he had made certain

errors in his charge, but he announced that in his opinion they were immaterial, because he was convinced that he should have directed a verdict when the motion was made on the ground that Sharpless was guilty of contributory negligence as a matter of law. Under his reserved right he then directed a verdict for the defendant on this ground. Plaintiff has brought the case up for review.

1. It appears to be conceded that defendant's negligence was established. It was shown that the car was going at a rate of speed very much in excess of that prescribed by the ordinance, and no attempt was made to dispute it.

After making a careful examination of the testimony, we think it shows without dispute that Sharpless, the driver, was driving at a moderate rate of speed in the middle of Lake street, not to exceed 6 or 8 miles an hour as he approached the intersection, and could have stopped within 5 or 6 feet; that when he was 150 feet east of the intersection he saw a car pass to the south on the west track; that when he reached a point 50 feet east from the east line of Portage street he could determine whether a car was approaching from the south; that, after he assured himself that no car was approaching from that direction, he did not glance to the north again until his attention was called to it by Mr. Barrett, and at that moment the front wheels of the automobile were entering upon the east track, with the street car only 90 feet away and coming rapidly; that, as it appeared to him, he had but one choice, and that was to go across, because if he attempted to stop he could not do so before reaching the west track. With this thought in mind he made the attempt and failed. It further appears that Sharpless was familiar with the situation, and knew that cars went to the car barn over these tracks at about that time of night.

The weakness of plaintiff's case lies in the fact that the driver did not look to the north after he observed that no car was approaching from the south, assuming that another car would not follow so closely behind the one which had just passed. The obstructions on the northeast corner of the intersection were such that he had a view of Portage street before he reached the east line of it, and after he reached it he had an unobstructed view for several blocks. After Sharpless looked to the south and assured himself that no car was approaching from that direction, he had ample opportunity, and it was his duty, to glance to the north again to reassure himself that no car was approaching from that direction. *McGee* v. *Railway Co.*, 102 Mich. 107 (60 N. W. 293, 26 L. R. A. 300, 47 Am. St. Rep. 507). It is urged that he did look north on Portage street before he reached the east line thereof, and saw no car approaching. In these days of rapid street transportation it will hardly do to attempt to cross a track relying solely upon observations made from 60 to 120 feet away, nor upon a custom that one car will not closely follow another. A mere glance to the north as he was entering Portage street would have disclosed the approaching car and averted the collision.

But counsel argue that it is a proper case for the application of the rule that:

"Where, in the exercise of common prudence, a person may think there is reasonable time to cross a street railway safely, he is not chargeable with negligence in attempting it." *Chauvin* v. *Railway*, 135 Mich. 85 (97 N. W. 160) ; *Seebach* v. *Railways Co.*, 177 Mich. 1 (142 N. W. 1086), and cases cited.

The difficulty of applying this rule to the facts of the present case is that in the cases cited where this rule has been applied the plaintiff in approaching the track had a reasonable opportunity to elect whether he would wait or go across. In this case Sharpless had placed

himself in a position, by his failure to look to the north, where he had no choice nor election. There was only one thing left for him to do, and that was to take the chance of getting across. In order to have the benefit of this rule it was necessary "that the circumstances were such as to make it an open question whether, in the exercise of common prudence, * * * he might reasonably have thought there was time to drive across in safety." *Manos* v. *Railway*, 168 Mich. 155 (130 N. W. 664, L. R. A. 1917C, 689). The circumstances which confronted Sharpless when he first saw the car will not permit of the application of this rule.

The contributory negligence of Sharpless is clearly shown by his own testimony, and, as his negligence is imputed to plaintiff's decedent, no recovery can be had.

As we agree with the conclusions of the trial court, the judgment will be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.