HILDEBRANDT v. DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—CROSSING ACCIDENT— CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In an action for personal injuries received by the driver of a delivery wagon while attempting to cross defendant's street car tracks, where, instead of continuing across the tracks when his horse regained his feet, after a stumble, he turned and drove along the track for a distance of 45 feet before being struck by the car, when one-third of the distance traveled would have taken him safely across, his conduct was so contrary to what the average man of ordinary prudence would do under similar circumstances

as to constitute contributory negligence as a matter of law.

2. SAME—DISCOVERED DANGER—LAST CLEAR CHANCE—EVIDENCE—GROSS NEGLIGENCE.

In the absence of any evidence showing how fast the car was running, or that it could have been stopped after its motorman discovered plaintiff's danger, the claim of subsequent negligence is not sustained. OSTRANDER, C. J., and STONE, KUHN, and MOORE, JJ., dissenting.

Error to Wayne; Brown, J., presiding. Submitted June 19, 1917. (Docket No. 83.) Decided March 27, 1918.

Case by Joseph Hildebrandt against the Detroit United Railway for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed by a divided court.

*John H. Dohrman* and *Eugene L. Mistersky,* for appellant.

*Corliss, Leete & Moody* and *Benjamin S. Pagel,* for appellee.

BIRD, J.   Plaintiff was engaged in delivering bread to the retailers in the city of Detroit with a horse and delivery wagon. On December 22, 1914, he had made his early morning deliveries and was on his way home, traveling east on Theodore street. It was snowing and there were several inches of snow on the ground which made it more or less slippery. As he approached Grandy street, which crosses Theodore, his view to the south was cut off by a cigar factory situate on the southwest corner of Theodore and Grandy streets. Knowing that defendant's cars ran north on Grandy street, he got out upon the running board to make observations toward the south. When he got far enough east to observe the track, he saw a car ap-

proaching something more than a block away. He proceeded to the track and started across, but just as his horse was entering thereon he slipped and fell to his knees. By the time the horse had regained his feet plaintiff concluded he could not get across because the car was only three houses away, so he signaled to the motorman and turned his horse to the left and north and went up the track on Grandy street about 45 feet, at which point the street car collided with his wagon, striking it a glancing blow on the right side where plaintiff was standing. The impact threw plaintiff from the wagon and injured him.

Plaintiff counts in his declaration on the negligence of the defendant in operating the car at an excessive rate of speed,' in violation of the ordinance of the city, and for the failure of its motorman to slow down and stop the car after he discovered the position of plaintiff.

The trial court was of the opinion that plaintiff's own testimony showed that he was guilty of contributory negligence, and upon that ground he directed a verdict for the defendant.

1. In defending plaintiff from the charge of contributory negligence his counsel invoke the rule that:

"Where, in the exercise of common prudence, a person may reasonably think there is time to cross a street railway safely, he is not chargeable with negligence in attempting it. *Ryan* v. *Railway Co.*, 123 Mich. 597; *Chauvin* v. *Railway*, 135 Mich. 85; *Gaffka* v. *Railway*, 143 Mich. 456; *LaLonde* v. *Traction Co.*, 145 Mich. 77." *Seebach* v. *Railways Co.*, 177 Mich. 1.

If plaintiff were guilty of contributory negligence as a matter of law, it did not lie in his attempt to cross the track when the car was a block away (*Purulewski* v. *Railway*, 181 Mich. 133; *Millette* v. *Railway*, 186 Mich. 634), but it lay in his failure to go on across as he had started instead of turning to the left. He says he thought he did not have time to cross and

therefore turned his horse and drove in a northerly direction parallel with the track a distance of 45 feet. His own testimony on this phase of the case is of interest:

"When his front legs were on the car track the horse was walking, a good walk. The car was then about 3 houses off. It was then going too fast to get over. 90 feet away from me when the horse's front feet were on the car track and I saw the car was coming too fast to get all the way over. I then turned my horse on the left side and started to holler. When my horse was struck I was passing Theodore and driving up Grandy. My horse was up Grandy about one house when I was struck. My horse walked 20 feet to the car track and then up Grandy past one house or opposite one house while this car was running 90 feet. It was about 30 feet up Grandy from the north corner of Theodore street where I was struck and my horse was walking all the time. I could not stop my horse and back him off the track when I could see that the street car was 90 feet away and coming too fast because it was awfully hard to back up in the snow.

"*Q.* Yet it wasn't awfully hard for him to walk up to that house 30 feet past Grandy?

"*A.* I thought I would be safe.

"*Q.* You had time—the horse had time to walk 30 feet up Grandy—up Theodore, before he was struck?

"*A.* Yes, sir."

Something must be, and is, allowed for error of judgment in such cases but the exercise of judgment which prompts one to turn and drive along a track for a distance of 45 feet to avoid an approaching car when a third of the distance would have taken him across the track to a place of safety, is so contrary to what the average man of ordinary prudence would do under similar circumstances that we think plaintiff's act should be declared contributory negligence as a matter of law.

Plaintiff cites the cases of *Purulewski* v. *Railway,*

and *Millette* v. *Railway, supra,* in support of his contention. It is true that these cases involved error of judgment in crossing a street railway track but in both cases the drivers proceeded to cross and would have crossed in safety had not fortuitous circumstances, combined with defendant's acts of commission and omission, intervened and prevented. If plaintiff had proceeded across the track and his wagon had been struck by reason of his delay due to his horse stumbling, the foregoing cases would sustain his contention that he had a right to go to the jury on the question of contributory negligence, but instead of doing this plaintiff chose a course which from any aspect would have taken him longer to clear the track than to go across. We agree with the trial court that plaintiff was guilty of contributory negligence as a matter of law.

2. The claim of subsequent negligence was not sustained. There was no showing how fast the car was running nor was there any showing that the car could have been stopped after its motorman discovered that plaintiff was unlikely to clear the track. The judgment of the trial court is affirmed.

STEERE, BROOKE, and FELLOWS, JJ., concurred with BIRD, J.

KUHN, J. I concur in the conclusion of Justice BIRD that, under the circumstances of this case, the plaintiff should be held guilty of contributory negligence as a matter of law, but I am unable to concur in his holding that there was not sufficient evidence of the claim of defendant's subsequent negligence to submit that question to the jury. It is said in his opinion:

"There was no showing how fast the car was running nor was there any showing that the car could

have been stopped after its motorman discovered that plaintiff was unlikely to clear the track."

While the record does not disclose the exact speed at which the car was running, in my opinion there was sufficient evidence to sustain the claim that it was running at a high rate of speed. In the consideration of the question whether, under the circumstances, a verdict should have been directed, the evidence in support of plaintiff's claim must be considered in the light most favorable to his contentions. Mr. Hildebrandt, the plaintiff, testified that he had gone about 30 feet up Grandy avenue when the car struck the wagon, and the street car, after striking him, carried him some distance—the exact number of feet is not disclosed by the record. If the motorman had his attention upon the condition of the track in front of him, the claim seems reasonable that he did see, or should have seen, the plaintiff with his wagon in the predicament that he was in. The record shows that the horse slipped and fell several times just as he reached the first rail of the track, and that it must have taken some time for the plaintiff to have pulled the horse around on the track and for the horse to have traveled 30 feet before he was struck. According to the testimony of plaintiff's witnesses, during this time no effort was made by the motorman to get his car under control, but it struck the plaintiff's wagon at full speed. In my opinion the situation here presented comes within the ruling of this court in *Walter* v. *Railway Co.*, 191 Mich. 181, in which opinion a large number of authorities from this State are cited, holding that, under similar circumstances, a question of fact for the jury was presented.

The judgment should be reversed and a new trial ordered.

OSTRANDER, C. J., and MOORE and STONE, JJ., concurred with KUHN, J.