REICHLE *v.* DETROIT UNITED RAILWAY.

1. STREET RAILWAYS—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE—PERSONAL INJURIES.

 Where plaintiff stopped his automobile before crossing defendant's street car track, and looked, and there was no street car within 250 feet, the range of view, he was not guilty of contributory negligence, as a matter of law, in proceeding to cross, when he was struck and injured by defendant's car.

2. SAME.

 Where plaintiff, after he saw that a collision was inevitable, elected to receive a glancing rather than a direct impact, by turning to the right instead of continuing across, he was not as a matter of law, guilty of contributory negligence.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

 Whether plaintiff stopped his car so far back as to make looking useless as a precaution, or whether he was careless and negligent in his observations were questions of fact for the jury.

4. SAME—NEGLIGENCE—ASSUMPTIONS.

 Plaintiff had a right to assume that if a street car were approaching at or beyond the 250-foot view, it would not

See note in 32 L. R. A. (N. S.) 266.

be operated over and across a much traveled street at a speed in excess of 30 miles an hour.

5. TRIAL—INSTRUCTIONS—CONTEXT.

In an action against a street railway company for personal injuries caused by a collision between defendant's car and plaintiff's automobile, an instruction that "it is likewise the duty of the railway * * * to exercise reasonable care 'and' to provide those things that will * * * insure * * * the safety of the public," it being in dispute whether the word "and" was used, *held*, that even if used, the meaning was made clear by the context.

Error to Wayne; Des Voignes, J., presiding. Submitted April 23, 1918. (Docket No. 103.) Decided September 28, 1918.

Case by Louis Reichle against the Detroit United Railway for personal injuries and damage to his automobile. Judgment for plaintiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody* (*William G. Fitzpatrick*, of counsel), for appellant.

*Lodge & Brown*, for appellee.

BIRD, J. Plaintiff's automobile came in collision with defendant's trolley car at the intersection of Canfield avenue and Beaubien street in the city of Detroit, resulting in an injury to himself and damage to his machine. The salient facts in connection with the collision are: That plaintiff was driving, about dusk, in an easterly direction on Canfield avenue with his family and some friends. When approaching Beaubien street, which crosses at right angles, he slowed down and stopped from 20 to 25 feet from the west rail of defendant's track. Defendant's line on Beaubien street is a single track and cars are operated in a southerly direction only. Plaintiff was familiar with the situation and looked to the north and neither

saw nor heard an approaching car. He started his car and after shifting into second speed he looked again and saw a car approaching rapidly and only 50 feet away. Doubting his ability to clear the car by going directly across he turned it to the right preferring to receive the impact by a glancing blow rather than a direct one. The fender of the trolley car engaged the running board of his machine and carried it upwards of 160 feet before it came to a stop. The testimony tended to show that the car was being operated over the intersection at the rate of 30 miles an hour, and that its speed was not slackened after the motorman had opportunity to observe the plaintiff's position was one of peril.

Excessive speed, failure to give warning of its approach and a failure to slacken the speed of the car after discovering plaintiff's position are all counted on as grounds of negligence. The case was given to the jury on the question of defendant's negligence and the plaintiff's contributory negligence. They found a verdict for plaintiff in the sum of $1,500.

1. Was defendant guilty of negligence? Counsel very frankly concedes that as the record stands this question was one of fact for the jury. It will, therefore, be unnecessary to give it further attention.

2. Was plaintiff guilty of contributory negligence? It appears that from the point where plaintiff stopped his car he could see north on Beaubien street not to exceed 250 feet by reason of a building on the northwest corner of the intersection which stood flush with the street line. He testifies that he looked and saw no car. Neither did he see a headlight and, therefore, concluded the way was clear. He proceeded on his way and after getting his car started and in second speed he looked again when his car was within four or five feet of the west rail, and saw a street car approaching rapidly and within 50 feet of him. He con-

cluded he could not avoid a collision and therefore turned to the right in order to avoid a direct blow. When plaintiff stopped his car and looked and listened he appears to have been within the rule of ordinary prudence heretofore laid down many times by this court. To proceed across a street railway track where there is no car within 250 feet, nor within view, can hardly be said, as a matter of law, to be at variance with what the average driver of ordinary prudence would do under similar circumstances. Neither can it be said, as a matter of law, that plaintiff was guilty of negligence in electing to receive a glancing rather than a direct impact. Subsequent events seem to verify the wisdom of his election.

But counsel say that plaintiff either stopped his car so far back as to make looking useless as a protection, or if he stopped his car where he said he did he was careless and negligent in his observations. If these points are based upon any testimony in the case they are within the domain of fact. The court cannot say, as a matter of law, that plaintiff's conduct in those respects was negligent.

In testing plaintiff's conduct the jury were entitled to consider another phase. It is the experience of every traveler upon the highway that he is constantly shaping his course upon the assumption that other travelers, whether by foot or by vehicle, will do the thing which is usually done by reasonably prudent travelers (*Tiley* v. *Railway,* 190 Mich. 7; *Prince* v. *Railway,* 192 Mich. 194; *Travelers' Indemnity Co.* v. *Railway,* 193 Mich. 375; *McManigle* v. *Railway,* 193 Mich. 530), and therefore we think plaintiff had a right to assume that if a street car were approaching at or beyond the 250-foot view, it would not be operated over and across Canfield avenue, which the record shows is a much traveled street, at a speed in excess of 30 miles an hour.

3. During the course of the charge the court used the following language:

"It is likewise the duty of the railway, whether street or steam, to exercise reasonable care and to provide those things that will in a measure insure, as far as possible, the safety of the public, and those who use our streets and public ways."

Counsel observes that the law imposes no such degree of duty on the defendant in the case at bar. Counsel for plaintiff suggests that the word "and" following the word "care" has crept into the record through some error in transcribing, and that with this eliminated what the court said would be the law. We are inclined to the opinion that if the word was actually used by the court the meaning is made clear by the context.

We have examined the other errors complained of and are of the opinion that they are not well taken.

The judgment of the trial court is affirmed.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.